EDWARD LUDWICK by His Next Friend v. UWARRA MINING COMPANY.

(Filed 23 February, 1916.)

**1. Appeal and Error—Frivolous Appeals—Motions.**

    While ordinarily an appeal lies to the Supreme from the Superior Court as a matter of right, it is required that it must be *bona fide* for the purpose of reviewing some alleged error; and when from the record it

appears that the appeal is frivolous and made solely for delay, it will, upon due notice to the appellant, be dismissed upon appellee's motion.

**2. Same—Record—Removal of Causes—Discretion.**

> Upon refusal of defendant's motion to transfer a cause for improper venue, the defendant gave notice of appeal which he did not perfect, and at some subsequent term renewed the motion, but upon another ground—for the convenience of witnesses and to promote the ends of justice, etc., under Revisal, sec. 425 (2), and appealed from the refusal of this motion, and perfected it. *Held*, the granting or refusing of the second motion was in the discretion of the trial judge, and upon the record the appeal will be held frivolous by the Supreme Court and dismissed upon appellee's motion therein properly made.

THIS is a motion to remove this cause, made before *Lane, J.,* at December Term, 1915, Superior Court of RANDOLPH. The motion was overruled, and defendant appealed.

*Hammer & Kelly for plaintiff.*
*Charles A. Armstrong, J. A. Spence for defendant.*

BROWN, J. The plaintiff moves upon due notice to dismiss this appeal upon the ground that it appears upon the face of the record that it is frivolous and made for purpose of delay only. At September Term, 1915, the defendant moved for a change of venue to Montgomery County, upon the ground that plaintiff was not a resident of Randolph County, but resided with his father in Gadsden, Ala., and that the cause of action arose in Montgomery County, of which county defendant is a resident, having its property and principal place of business there. No other ground of removal was set out in the affidavits or written motion. Upon the hearing, *Lane, J.,* denied the motion, and defendant appealed. That appeal was never prosecuted.

At December Term, 1915, before the same judge, the defendant again moved the court to remove the cause to Montgomery County, under section 425, subsection 2, Revisal, which reads as follows: "An action may be changed by order of the court when the convenience of witnesses and the ends of justice would be promoted by the change."

The judge, upon considering the affidavits offered, denied the motion. The defendant appealed to the Supreme Court. The transcript of appeal having been duly docketed, the plaintiff moves to dismiss upon the ground stated. We are of opinion that the motion should be granted.

While an appeal to this Court from the lower court is a matter of right, the appeal must be *bona fide* for the purpose of reviewing some alleged error committed by such court. Where it appears upon the record that the appeal is frivolous and made solely for delay, the appeal will be dismissed. A demurrer will be overruled and, frequently, final

judgment rendered when it appears on its face to be frivolous and filed for purpose of delay. When the defendant moved upon affidavit for a change of venue at September term only one ground of removal was set out. At same time defendant had opportunity and might well have set out the other grounds upon which a change of venue is now asked, but failed to do so.

The defendant appealed from the refusal of the court at September term to remove the cause, and failed to prosecute that appeal. At December term, when the cause stood for trial, defendant renews the motion to remove to Montgomery County, basing it upon a different ground, viz., the convenience of witnesses, and when the court again refuses to remove the cause, defendant again appeals.

A party to an action cannot be permitted to move repeatedly at each succeeding term for a change of venue and then appeal from each successive refusal for purposes of delay.

The ground upon which this last motion to remove is based is a matter solely within the discretion of the judge below. There is not a scintilla of evidence in the record that the judge grossly abused his discretion, and in the absence of it this Court has repeatedly held, and as late as the last term, that the Superior Court may change the place of trial for the convenience of witnesses and to promote the ends of justice, but that such motion is addressed entirely to the discretion of the court, and that a denial of such motion will not be reviewed by this Court upon appeal in the absence of evidence of a gross abuse of such discretion. *Craven v. Munger,* 170 N. C., 424; *Lassiter v. R. R.,* 126 N. C., 508; *Baruch v. Long,* 117 N. C., 511, and cases cited in notes.

This question has been so often decided by this Court that we must conclude that this appeal is frivolous and taken solely for delay.

The motion is allowed.

Defendant's appeal dismissed.