### J. H. LeROY v. JOHN SALIBA.

(Filed 15 September, 1920.)

1. **Appeal and Error—Inspection of Papers—Judgments—Orders—Finding of Facts—Presumptions—Statutes—Partnership.**

   In an action by a partner for the dissolution of the partnership and an accounting against the managing partner, charging him with fraud, it will be assumed, on appeal from an order of the Superior Court judge for an inspection and production of papers, etc., in the possession of the defendant, Rev., 1655, 1657, that the judge found such facts as were sufficient to support his ruling, in the absence of any written finding, and he was not requested by the appellant to find the facts.

2. **Same—Evidence—Fraud.**

   There must be some evidence upon which the trial court bases its order for the inspection and production of papers, etc., in an action to dissolve a partnership, Rev., 1656, 1657; but allegations in an affidavit that the plaintiff had received certain checks from the managing partner of a firm, in which he was a partner, for his share of the partnership profits, which had been paid, and the contents were then unknown to him, and that they related to the merits of the action, are sufficient when there are allegations that the managing partner had committed fraud in the conduct of the

partnership affairs and intended to depart from the State and remove his property and effects therefrom for the purpose of defrauding and defeating his creditors.

CIVIL ACTION, tried before *Stacy, J.,* at January Term, 1920, of PASQUOTANK. Defendant appealed.

*Ehringhaus & Small, Meekins & McMullan, and Thompson & Wilson for plaintiff.*
*Aydlett & Simpson for defendant.*

WALKER, J. This is a motion in the cause for an inspection and production of papers and documents, in possession of the defendant, which relate to the merits of the action, or the defense therein, under Rev., 1656 and 1657. The action was brought for a dissolution of a copartnership, and an accounting by defendant, who managed its business, and has had possession of its books and papers. The verified pleadings were, by consent, used as affidavits. The defendant is charged in the complaint with fraud committed in the conduct of the partnership affairs, and further with the intention of departing from the State and removing his property and effects therefrom for the purpose of defrauding and defeating his creditors, and particularly the plaintiff, which allegation is based upon statements made by the defendant.

It is further charged that he has secreted his property with the same fraudulent intent.

The judge granted plaintiff's motion. He did not find any facts, nor was he requested by defendant so to do. In the absence of such a special finding we must assume that the judge found such facts as were sufficient to support his ruling. This is well settled. *Albertson v. Terry,* 108 N. C., 75; *Hardware Co. v. Buhman,* 159 N. C., 511; *Jones v. Fowler,* 161 N. C., 354; *McLeod v. Gooch,* 162 N. C., 122. It must, of course, appear that there is some evidence to justify the decision upon the motion. It does appear in the complaint, treated as an affidavit, that the contents of the checks, which were included in the order for an inspection by name, were not known to the plaintiff, and that they "related to the merits of the action," using the language of the statute (Rev., 1656), and this cannot be questioned. The checks were given to the plaintiff in part payment of his share of the partnership profits, and, therefore, he had seen them at the time, but they were sent to the bank on which they were drawn and by it returned to the defendant. This does not necessarily prove that he remembers their contents, as the transaction took place some time ago, and, besides, the complaint shows that they are pertinent to the issue joined between the parties. It was said in *Sheek v. Sain,* 127 N. C., 266: "Although it appears to us from defendant's affidavit

that such exhibition (of the check) could have done him no good, still we would have sustained the ruling of the court upon the ground that the statute gives the judge discretion to make an order requiring the plaintiff to exhibit the check to the defendant, and to give him, or to allow him to take, a copy of the same." Other cases sustaining the ruling of the Court are *Whitten v. Tel. Co.,* 141 N. C., 361; *Evans v. R. R.,* 167 N. C., 415; *Bank v. Newton,* 165 N. C., 363. *Justice Hoke* said in the last case: "A perusal of the statute will disclose that the question rests in the sound legal discretion of the court, and as we find no such abuse of discretion on the part of his Honor as to raise a legal question for our decision, the judgment is affirmed." And *Justice Brown,* commenting upon that language, said, in *Evans v. R. R., supra:* "Under the authority of that case (*Bank v. Newton*), we deem it proper to say that when this case is tried it will still be competent for the judge, in his sound discretion, to compel the production of this Form 408 when its competency and pertinency as evidence bearing upon the issue may the better be determined."

There is no error in the ruling of the court.

Affirmed.