SELWYN HOTEL COMPANY v. JAMES P. GRIFFIN ET AL.

(Filed 30 November, 1921.)

**Appeal and Error—Motion to Dismiss—Rules of Court—Frivolous Appeals—Relief—Judgments—Abuse of Process—Procedure.**

> Where the appellant's case on appeal is due to be heard at the next ensuing term of the Supreme Court at the call of the district to which it belongs, and the appellee has moved to dismiss under Rule 17, upon the certificate of the clerk of the trial court and affidavits filed, showing that appellant's defense was frivolous and only for advantages to be gained by delay to the appellee's loss, and that the appellant had lost the right to have the case settled on appeal for the Supreme Court, and his answer to the motion is also frivolous, this Court will affirm the judgment in appellee's favor rendered in the court below, and order the judgment to be certified down *instanter* to afford the appellee relief from the appellant's abuse of the court's process and procedure.

APPEAL by defendants from *Ray, J.,* at September Term, 1921, of MECKLENBURG.

This was a proceeding in summary ejectment, begun before a justice of the peace and tried at September Term, 1921. On 11 November, 1921, the defendants not having docketed a transcript, the plaintiff filed a certified statement from the clerk, from which it appears that at the trial the jury, upon issues submitted, found that the plaintiff was entitled to possession of the premises; that the market rental value since 1921 was $125 per month; and that the judge rendered judgment in favor of the plaintiff for possession of the premises and $125 per month rental from 1 January, 1921; that the defendant Charles H. Garmon appealed; that he had been allowed 15 days in which to serve case on appeal; that the term of court adjourned 17 September, 1921; that the defendant did not serve his case on appeal within said 15 days, and thereafter, on application to the judge, he was allowed another 15 days to make up and serve case on appeal, and that at the expiration of said time he had not done so, and upon said record the plaintiff moved to docket and dismiss under Rule 17, and also because upon its face the appeal was frivolous.

*H. C. Dockery and John M. Robinson for plaintiff.*
*Jake F. Newell for defendants.*

CLARK, C. J.   In addition to the facts above set out, W. T. Wilson, an officer of the plaintiff, the Selwyn Hotel Company, files an affidavit that the defendant C. H. Garmon and associates were occupying the barber shop in the Selwyn Hotel in Charlotte, N. C., under a three-year lease, which expired 31 December, 1920; that the said Selwyn Hotel Company duly leased said premises for the year 1921 to other parties for a monthly rental of $150 per month; that the defendant C. H. Garmon led the plaintiff and the said lessees to believe that he would vacate the premises at the termination of the lease, but at the end of his lease he wrongfully and illegally refused to give up possession of said premises, and has wrongfully withheld the same to the serious damage and inconvenience to the plaintiff and the lessees since 1 January, 1921; that the only defense which the said defendant has ever asserted was the failure of the plaintiff to give him notice of the termination of the lease, but that he has wrongfully and illegally held possession of said premises without any just cause or excuse, and that the appeal which he took from the justice of the peace to the Superior Court, and that the appeal which he took from the Superior Court to the Supreme Court were taken solely for purposes of delay, and that this delay is resulting in serious loss and inconvenience to the plaintiff.

This motion, with affidavits and certificate, was served on the attorney of the defendant 9 November, 1921.   The defendant, answering the appeal, simply asserts that he was not bound to bring up the appeal to this term of the Court, and that he has been unable to get a stenographer to make a copy of the transcript, she being very busy.

It is apparent that this is purely an attempt to use the process of the court, which is intended to correct errors, for the purposes of delay, and that the appeal is entirely frivolous.   It does not appear that there was any assertion of a *bona fide* defense either before the justice or in the Superior Court, nor is there any allegation of any defense in the answer to this motion.

In *Barnes v. Saleeby,* 177 N. C., 260, upon somewhat similar circumstances this Court held:   "The plaintiff's motion to dismiss in this Court should be allowed whenever it appears in the record, as in this case, that no serious assignment of error is made.   *Blount v. Jones,* 175 N. C., 708; *Ludwick v. Mining Co.,* 171 N. C., 61."

In *Blount v. Jones,* 175 N. C., 708, a case exactly in point, this Court held:   "Appeals from the Superior Court as a matter of right must be taken *bona fide* for the purpose of reviewing alleged error, and when no serious assignment of error is made and it appears that the appeal is

frivolous and for the purpose of delay, it will be dismissed on appellee's motion," citing *Ludwick v. Mining Co.*, 171 N. C., 61, in which this Court held, *Brown, J.*, delivering the opinion, that, "While ordinarily an appeal lies to the Supreme Court from the Superior Court, as a matter of right it is required that it must be *bona fide* for the purpose of reviewing some alleged error; and when from the record it appears that the appeal is frivolous and made solely for delay it will, upon due notice to the appellant, be dismissed upon appellee's motion."

It not only appears upon the record sent up, and by the affidavit in support of the motion to dismiss, to be a frivolous appeal, and from the answer thereto that there is no *bona fide* defense, but is not even alleged that the defense has given bond for payment of the judgment of the rent. But even if this had been done, though not alleged, still there is no allegation of a *bona fide* defense even suggested in the answer, and as the defendant has lost the right to have the case settled on appeal by not having done so within the prescribed time, to carry the case over to the spring term could only result in the appeal being affirmed at that time, and the plaintiff would be wronged by being kept out of possession for several months more. The courts cannot allow their process to be thus abused.

Final judgment will be entered here affirming the judgment below, and this opinion will be certified down *instanter* to the Superior Court of Mecklenburg, *Caldwell v. Wilson*, 121 N. C., 473, 474, and the plaintiff will be put in prompt possession of the premises. *Barnhill v. Thompson*, 122 N. C., 498, and other cases are to the same purport.

Affirmed.