JOSEPH R. ROSS and GEORGE E. WILSON, Jr., for Themselves and All Other Stockholders of the LOWELL COTTON MILLS, v. SLOAN M. ROBINSON, THE LOWELL COTTON MILLS, THE LOWELL YARN COMPANY et al.

(Filed 8 June, 1923.)

1. **Appeal and Error—Examination of Books of Adverse Party—Statutes.**

     An appeal to the Supreme Court presently lies to an order made by the Superior Court judge providing for examination and copies of books and papers in the possession of the adverse party to the action under the provisions of C. S., 1823 *et seq.*, and unless the statutory provisions have been complied with, or if the order goes beyond the powers contemplated and conferred by law, it will be set aside.

2. **Appeal and Error—Dismissal—Discovery—Examination of Books, etc., of Adverse Party.**

     An appeal from an order of the Superior Court judge allowing examination of books, papers, etc., of the adverse party under the provisions of C. S., 1823 *et seq.*, cannot be maintained, when it appears from the record that it is frivolous and for the mere purpose of delay; and the appellee may docket the appellant's case and have it dismissed, under the rule of the Supreme Court relating to such matters.

3. **Discovery—Examination of Books, etc., of Adverse Party—Statutes—Courts—Jurisdiction.**

     In this action against a corporation and its selling agent to compel the agent to account for and pay over to the corporation moneys received and unlawfully withheld from it: *Held*, the court having jurisdiction of the parties may order the examination, etc., of the books and papers, C. S., 1823 *et seq.*, and enforce it by decree or appropriate procedure in the

cause, though the books are in the possession of the adverse parties beyond the limits of the State.

4. **Appeal and Error—Dismissal—Frivolous Appeal—Discovery—Supreme Court—Motions—Corporations—Shareholders—Principal and Agent —Accounting.**

In an action against a corporation and its selling agent by its minority stockholders, which the corporation had refused to institute, to compel the agent to properly account for and pay over to its codefendant large sums of money it had received and wrongfully withheld from the corporation, to its damage and that of its shareholders, upon proper motion and petition the Superior Court entered an order providing for an inspection and taking copies at plaintiffs' expense of the books of the defendants for a certain period, as necessary to obtain pertinent and necessary facts for an intelligent and proper trial upon the issues raised by the answers, from which the defendants appealed. Upon motion duly made by plaintiffs in the Supreme Court to docket and dismiss defendants' appeal: *Held*, upon the record, the appeal was shown to be frivolous, and for the purpose of delay, and the motion was allowed.

THIS was a motion upon notice duly served made by plaintiff at the present term to docket and dismiss defendant's appeal from an order in the cause at April Term, 1923, of the Superior Court of Mecklenburg County, providing for an inspection and copy of the books of defendant, the Lowell Yarn Mills, on the alleged ground that said appeal is frivolous and taken for the mere purpose of delay. Motion allowed.

*W. S. O'B. Robinson, Jr., and John M. Robinson for plaintiffs.*
*Tillett & Guthrie and Mangum & Denny for defendants.*

HOKE, J. The action is by the minority stockholders of the Lowell Cotton Mills against the directors and majority owners of stock of the Lowell Cotton Mills and Lowell Yarn Company, to compel the Lowell Yarn Company to properly account for and pay over to its codefendant, the Lowell Cotton Mills, large sums of money received and wrongfully withheld by said yarn company as factors or selling agents of the product of the Lowell Cotton Mills and the stockholders therein, and which said action the cotton mills and its directors had formally refused to institute, to the great damage of said mills and its stockholders and owners. Complaint having been duly filed, defendants answered denying, in effect, the rightfulness of plaintiff's suit, and thereupon, at April Term, 1923, of the Superior Court of Mecklenburg County, on motion and petition duly verified, an order was made providing for an inspection and taking copies at plaintiff's expense of the books of said company from the first of 1917 to the present time, as pertinent and necessary to obtain the facts required for an intelligent and proper trial and disposition of the cause.

From this order an appeal was duly entered by defendant, and thereupon the plaintiff having procured a copy of the record and the order and petition and papers appertaining thereto, presented the same at the present term, and after notice duly served, entered a motion to docket and dismiss said appeal for the alleged reason that the same is frivolous and for the mere purpose of delay.

It is held with us that an order of this kind, made under C. S., 1823 *et seq.,* is presently appealable, and that unless the statutory requirements for such an order are complied with, or if the same goes beyond the powers contemplated and conferred by the law, the order will be set aside. *Mica Co. v. Express Co.,* 182 N. C., 669; *Sheek v. Sain,* 127 N. C., 266. And our decisions on the subject are to the effect further that while such an appeal ordinarily lies as a matter of right, it may not be maintained where it is clearly made to appear that the same is frivolous and for the mere purpose of delay, and it will be dismissed upon motion. *Hotel Co. v. Griffin,* 182 N. C., 539; *Leroy v. Saliba,* 180 N. C., 15; *Ludwick v. Mining Co.,* 171 N. C., 415. And the course pursued by the appellee in the present instance to test the question has been also indirectly approved, and in our opinion is in accord with orderly procedure where, as in this case, the entire facts and entries relevant to this right of present appeal appears upon the face of the record. *Blount v. Jones,* 175 N. C., 708.

Considering the case in view of these principles, we are constrained to hold that this appeal is a frivolous one, and made for the mere purpose of delay, it having been made to appear that the facts desired are directly pertinent to the issue and necessary to an intelligent and proper disposition of the cause, and no valid objection has been made to appear either here or in the court below. And the position is not affected because of the suggestion that the books are not now in this State, but are in the city of Philadelphia, the authorities being to the effect that where the court has acquired jurisdiction of the parties, such an order may be made and enforced by decree or appropriate procedure in the cause. 18 Corpus Juris, p. 1116; 9 R. C. L.

In 18 Corpus Juris the principle is stated as follows: "In most jurisdictions the statutes provide for obtaining an inspection of books and papers of the adverse party. These statutes were enacted with a view of providing a more speedy and less expensive remedy than by proceedings in chancery, and are constitutional. They are remedial in their nature, and should be liberally construed. Under these statutes production, or inspection, of a deed, letters, telegrams, or the instrument sued on, may be ordered. The fact that the books or papers of which discovery is sought are out of the State does not justify the refusal of a motion for the production or inspection thereof where the court has

jurisdiction of the parties, whether the discovery is sought from a corporation or an individual, and notwithstanding the corporation is a foreign corporation not doing business in the State, and its books are without the State."

It appearing that all the facts, etc., pertinent to the question presented are apparent upon the face of the record, and that the appeal of defendant from the order is a frivolous one and made merely for delay, we are of opinion that the motion of appellee should be allowed, and it is so ordered.

Appeal dismissed.