EMMA FEATHERSTONE v. LOUISE KIIBLER GLENN.

(Filed 19 September, 1945.)

**Betterments § 7: Trial § 38—**

In a civil action to cancel a deed, remove cloud from plaintiff's title and to require defendant to reconvey house and lot to plaintiff, based on allegations of fraud, undue influence and coercion, where on the trial defendant in open court tendered the property in question to plaintiff, on the condition that plaintiff pay defendant the amount expended by her for improvements, which tender was accepted, there was error by the

court below in submitting to the jury an issue, as to whether defendant made permanent improvements, under title believed by her to be good, the only matter left open by the agreement of the parties being the amount expended for improvements or their reasonable value.

APPEAL by defendant from *Olive, Special Judge,* at July Term, 1945, of BUNCOMBE.

Civil action to cancel deed and to remove cloud upon plaintiff's title, or to require the defendant to reconvey house and lot to plaintiff "upon plaintiff's paying to the defendant the value of permanent improvements, if any, made by defendant upon said residence."

On 10 August, 1943, the plaintiff executed and delivered to the defendant deed for house and lot in the city of Asheville, reserving to the plaintiff a life estate therein. A bill of sale was also executed for the personal property in the house.

It is alleged that plaintiff was induced to execute the deed and bill of sale by means of fraud, undue influence and coercion exerted upon the plaintiff by defendant.

On the trial, counsel for defendant made the following tender and asked that it be incorporated in the record:

"Defendant in open court tenders the property in question to the plaintiff, on condition that plaintiff pays defendant the amount she expended for improvements."

The tender was accepted. The defendant thereupon executed and delivered to the plaintiff a fee-simple deed for the land in controversy, and, also, a bill of sale for the personal property.

The jury returned the following verdict:

"1. Did the defendant make permanent improvements upon the lands described in Deed Book 597, page 549, Register of Deeds' office of Buncombe County, North Carolina, under a title believed by her to be good? Answer: No.

"2. If so, did defendant have reasonable grounds to believe that she had a good title to the lands when she made such improvements? Answer: ................

"3. What is the value of such permanent improvements? Answer: ... ............."

From judgment for plaintiff, the defendant appeals, assigning errors.

*George M. Pritchard for plaintiff, appellee.*
*Williams & Cocke for defendant, appellant.*

STACY, C. J. In the state of the record as it existed after the acceptance of defendant's offer to reconvey and redeliver the property in con-

troversy, we think the issues submitted to the jury were inappropriate. The condition attached to defendant's offer was that plaintiff should pay to the defendant the amount which she had expended for improvements. This eliminated any technical question of betterments. *Barrett v. Williams,* 220 N. C., 32, 16 S. E. (2d), 398; *Pritchard v. Williams,* 176 N. C., 108, 96 S. E., 733; *Rogers v. Timberlake,* 223 N. C., 59, 25 S. E. (2d), 167. Apparently the only matter left open was the amount expended for improvements or their reasonable value. Indeed, the plaintiff testified on her examination in chief: "I have tendered to her and I am willing that she may take out of the house anything that she put in there and pay the reasonable value of permanent improvements to my building."

Under the judgment as rendered, the plaintiff gets her property back and pays nothing for the improvements. This would seem to be at variance with the agreement reached on the hearing.

New trial.