GEORGIANNA STEPHENSON v. JOSEPHINE B. WATSON.

(Filed 20 November, 1946.)

**1. Appeal and Error § 31i—**

Where the agreed statement of case on appeal contains no exceptions or assignments of error, making it apparent that the appeal was taken solely for the purpose of delay, appellee's motion to docket and dismiss under Rule 17 (1), will be allowed. In this case in summary ejectment it further appeared that defendant's appeal was contrary to plaintiff's understanding when she consented to the adjustment of rent at the instance of defendant's counsel.

**2. Appeal and Error § 3—**

One who challenges neither the proceeding nor the judgment below and appeals only for purposes of delay, is not the "party aggrieved" within the meaning of G. S., 1-271.

MOTION by plaintiff, appellee, to docket and dismiss appeal under Rule 17, subsection (1), as having been taken only for purposes of delay.

*Ward & Ward for plaintiff, appellee.*
*No counsel contra.*

STACY, C. J. Summary proceeding in ejectment, tried originally 6 May, 1946, in court of justice of peace and then *de novo* on defendant's appeal at September Term, 1946, Johnston Superior Court.

The jury found that the plaintiff was entitled (1) to the immediate possession of the premises, (2) to a monthly rental of $35.00, or $175.00 up to 1 October, 1946 (this issue answered by consent); and (3) that the detention of the premises by the defendant was wrongful.

Judgment on the verdict for plaintiff in which it is recited that "no exceptions were taken in the course of the trial including the charge and the verdict." The defendant gave notice of appeal to the Supreme Court.

An agreed statement of case on appeal was filed in the office of Clerk of Superior Court of Johnston County, 22 October, 1946. It contains no exceptions or assignments of error. Obviously, the appeal was taken merely for purposes of delay, and must be dismissed on motion of appellee under Rule 17. *Ross v. Robinson,* 185 N. C., 548, 118 S. E., 4; *Hotel Co. v. Griffin,* 182 N. C., 539, 109 S. E., 371; *Blount v. Jones,* 175 N. C., 708, 95 S. E., 541; *Barnes v. Saleeby,* 177 N. C., 256, 98 S. E., 708. "While ordinarily an appeal lies to the Supreme from the Superior Court as a matter of right, it is required that it must be *bona fide* for the purpose of reviewing some alleged error; and when from the record it appears that the appeal is frivolous and made solely for delay, it will, upon due notice to the appellant, be dismissed upon appellee's motion." *Ludwick v. Mining Co.* (1st headnote), 171 N. C., 60, 87 S. E., 949.

The case states that "at the earnest solicitation of counsel for defendant, the plaintiff agreed that the rent issue might be answered" as above set out, "believing this ended the case, and that no special damages would be asked." Thus, it appears that the appeal is not only without merit, but at variance with the understanding which the plaintiff had when she consented to an adjustment of the rent. See *Featherstone v. Glenn,* 225 N. C., 404, 35 S. E. (2d), 243. No valid defense was interposed in the courts below; no exceptions were taken to the trial, and no answer has been filed to the motion here. One who challenges neither the proceeding nor the judgment below and appeals only for purposes of delay, is not the "party aggrieved" within the meaning of the appeal statute. G. S., 1-271; *Yadkin County v. High Point,* 219 N. C., 94, 13 S. E. (2d), 71; *Starnes v. Tyson, ante,* 395 (Defendant's Appeal).

Motion allowed.