HERBERT SELIGSON v. HARRY KLYMAN.

(Filed 16 April, 1947.)

**1. Ejectment § 5½—**

G. S., 42-33, applies to actions to recover possession of demised premises "upon a forfeiture for the nonpayment of rent" and not to actions to recover possession of property for one of the causes enumerated in G. S., 42-26.

**2. Same: Ejectment § 8—**

Plaintiff brought this action to summarily eject his tenant who wrongfully held over, and elected not to claim therein rents or damages for occupation for the period subsequent to the term, G. S., 42-28. Upon defendant's appeal to the Superior Court it appeared that defendant, on the day prior to trial in that court, had surrendered possession, and defendant's motion to dismiss upon his tender of rents and costs was allowed. G. S., 42-33. *Held:* The judgment of dismissal is vacated and the cause remanded for judgment awarding plaintiff his costs, it being error to force plaintiff to accept rents at the rate stipulated in the lease agreement contrary to his election.

**3. Ejectment § 8—**

Where a tenant wrongfully holds over, the landlord is entitled to obtain possession of his property and also damage for its wrongful detention, which is not necessarily the rent at the rate stipulated in the lease, but indemnity or compensation for the loss, special or otherwise, naturally and proximately resulting, which defendant, in the light of the circumstances, could have reasonably foreseen.

SELIGSON *v.* KLYMAN.

APPEAL by plaintiff from *Grady, Emergency Judge,* at September Term, 1946, of WAKE.

Summary proceeding in ejectment to recover possession of demised premises, plaintiff alleging that defendant was holding over after expiration of term.

In the latter part of 1942, or the early part of 1943, the plaintiff leased to the defendant his store house, 309 Blake Street, Raleigh, N. C., on a month to month basis at a rental of $75.00 per month. On 8 March, 1946, the plaintiff notified the defendant that he would want his building in sixty days. The defendant suggested that he make it June 1st. This was agreed upon, and the parties confirmed their mutual understanding by exchange of letters, the defendant's letter to the plaintiff being dated 12 March, 1946. In the meantime, the plaintiff arranged to take possession on June 1st.

The defendant failed to vacate the premises by the first of June; whereupon this proceeding was instituted before a justice of the peace to obtain immediate possession thereof. The defendant offered no evidence on the hearing, and judgment was entered for the plaintiff. From this judgment, the defendant gave notice of appeal to the Superior Court and posted bond to stay execution.

The case came on for trial *de novo* at the September Term, 1946, Wake Superior Court, which convened on 16 September. On 15 September, the defendant delivered possession of the store to the plaintiff, and thereafter, during the same week, "in open court, tendered the plaintiff all rents due and costs up to and including the trial in the Superior Court, amounting to $262.50 rent to September 15, 1946, and costs in the amount of $18.85," which sums were paid into the clerk's office. The defendant, thereupon moved that the action be dismissed. Motion allowed under G. S., 42-33. Plaintiff appeals, assigning errors.

*Howard E. Manning and Ellis Nassif for plaintiff, appellant.*
*Wilson & Bickett for defendant, appellee.*

STACY, C. J. For a number of years the defendant leased a store from plaintiff at a rental of $75.00 per month. In lieu of notice to quit, the defendant agreed to vacate the premises on 1 June, 1946. This he omitted to do, and as plaintiff had arranged to take possession on that date, he immediately instituted this summary proceeding in ejectment before a justice of the peace to obtain possession of his property, not for the nonpayment of rent, as none was then due, but for one of the causes enumerated in G. S., 42-26, the defendant being a "tenant or lessee, who holds over and continues in possession of the demised premises . . . without the permission of the landlord, and after demand made for its surrender." *Vanderford v. Foreman,* 129 N. C., 217, 39 S. E., 839.

Plaintiff elected not to claim "damages for the occupation of the premises since the cessation of the estate of the lessee," G. S., 42-28, as he is authorized to do without prejudice to his right to sue for same in another action, and this no doubt for the reason plaintiff did not wish to limit his claim to an amount within the jurisdiction of a justice of the peace. See G. S., 42-28; 42-30; 42-32; *Simons v. Lebrun,* 219 N. C., 42, 12 S. E. (2d), 644, and cases there cited.

Therefore, when it was made to appear in the Superior Court that defendant had surrendered possession of the store to the plaintiff, in the absence of a request to amend, nothing remained in the case but the costs. *Rental Co. v. Justice,* 212 N. C., 523, 193 S. E., 817.

The provisions of G. S., 42-33, have no application to the facts of the instant record. The plaintiff is not seeking to recover the possession of the demised premises "upon a forfeiture for the nonpayment of rent." There is no allegation of any rent in arrears.

Whether G. S., 42-32, as amended by Ch. 796, Session Laws 1945, can be invoked in favor of the plaintiff is not presented and will not be determined in advance of a ruling on the matter in the court below. See *Stephenson v. Watson,* 226 N. C., 742.

The extent of defendant's liability for withholding possession from and after 1 June, 1946, is yet to be determined, in another action perhaps. The law is well settled that from a lessee who wrongfully holds over, the landlord is not only entitled to obtain possession of his property, but also to recover indemnity for its wrongful detention. *McGuinn v. Mc-Lain,* 225 N. C., 750, 36 S. E. (2d), 377; *Allen v. Taylor,* 96 N. C., 37, 1 S. E., 462; Anno. A. L. R., 386. This is not necessarily the stipulated rent in a lease for a time prior thereto. *Martin v. Clegg,* 163 N. C., 528, 79 S. E., 1105; *Credle v. Ayers,* 126 N. C., 11, 35 S. E., 128, 48 L. R. A., 751. "Where possession of leased premises is unlawfully withheld, damages are recoverable against the party unlawfully withholding the same, which may fairly and reasonably be considered as the natural and proximate result thereof, and which damages, special or otherwise, the party in default, in the light of the circumstances, should reasonably have known would result to the party entitled to possession, from his acts in withholding the premises"—Syllabus, *Lewis v. Welch, etc., Feed Co.,* 96 W. Va., 694, 123 S. E., 801, 39 A. L. R., 383.

Indemnity or compensation, rather than rent, would seem to be the proper measure of recovery. *Murtland v. English,* 214 Pa., 325, 63 Atl., 882, 112 Am. St. Rep., 747, 6 Ann. Cas., 339.

The dismissal of the proceeding will be reversed, the judgment vacated and the cause remanded for judgment awarding the plaintiff his costs.

Reversed and remanded.