Mangum v. Nationwide Mut. Fire Ins. Co.

JOHN MANGUM AND BEATRICE F. MANGUM v. NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY

No. 8210SC477

(Filed 19 April 1983)

1. Judgments § 36.5— action on fire policy—failure to file timely proof of
loss—res judicata

   Plaintiffs' action to recover under a fire insurance policy for the loss of
personal property in a fire in their home was barred by the doctrine of *res
judicata* where plaintiffs sought damages in a prior action against defendant
insurer for the loss of their home, the record and appellate opinion in the first
action show that plaintiffs did not file a timely proof of loss and that the issue
as to proof of loss was fully adjudicated, and the matter to be litigated in both
actions involved coverage under a single insurance policy for loss of property
caused by the same fire.

2. Insurance § 136— fire insurance—loss of real property and personal proper-
ty—only one cause of action

   Where only one premium was paid and one fire insurance policy was
issued to cover loss of real and personal property, and the same fire damaged
both real and personal property owned by plaintiff insureds, only one claim ex-
isted to recover under the policy, and plaintiffs were estopped from bringing a
second action to recover for damage to personal property after their prior ac-
tion to recover for damage to their home had been litigated.

APPEAL by plaintiffs from *Herring, Judge.* Judgment entered
16 December 1981 in Superior Court, WAKE County. Heard in the
Court of Appeals 15 March 1983.

On 18 September 1980 plaintiffs filed suit on a fire insurance
policy issued by defendant Nationwide Mutual Fire Insurance
Company. They sought compensatory damages for the loss of per-
sonal property resulting from a 19 January 1978 fire in their
home. Nationwide alleged several defenses including collateral
estoppel and *res judicata.*

On 2 November 1981 Nationwide moved for summary judg-
ment on grounds that the plaintiffs' action was barred by these
defenses and that plaintiffs had unlawfully split one cause of ac-
tion. In support of its motion, Nationwide relied upon a prior ac-
tion between the parties wherein plaintiffs sought compensatory
damages for the loss of their home caused by the same fire. At
the conclusion of the trial on this earlier action, Nationwide's mo-
tion for directed verdict was granted. This Court, in an unpub-

lished opinion, dismissed plaintiffs' appeal. *Mangum v. Nationwide,* 52 N.C. App. 734, *disc. review denied,* 304 N.C. 196, 285 S.E. 2d 99 (1981).

After considering the pleadings between the parties and this Court's opinion in the first action, Judge Herring granted Nationwide's motion for summary judgment and dismissed plaintiffs' action. Plaintiffs appeal from this judgment.

*Ernest E. Ratliff, for plaintiff appellants.*

*Moore, Ragsdale, Liggett, Ray & Foley, by Peter M. Foley, for defendant appellee.*

BECTON, Judge.

Plaintiffs' sole assignment of error relates to the granting of Nationwide's motion for summary judgment. After careful examination of the present record on appeal and the record and opinion in the prior action, we affirm the award of summary judgment in Nationwide's favor.

[1] Plaintiffs first argue that the doctrine of *res judicata* does not bar their recovery for damages to the contents of their dwelling because there was no judgment on the merits in the previous action. The evidence before this Court is to the contrary.

Estoppel by judgment, or *res judicata,* has been defined as follows: "[W]hen a fact has been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." *Humphrey, et al. v. Faison,* 247 N.C. 127, 133, 100 S.E. 2d 524, 529 (1957), *quoting Armfield v. Moore,* 44 N.C. 157 (1852).

In the first action against Nationwide, plaintiffs prayed for compensatory damages for the loss of their dwelling as a result of the 19 January 1978 fire and for punitive damages. At the close of plaintiffs' evidence, the trial court directed verdict in favor of the insurance adjuster for Nationwide and in favor of Nationwide as to all claims for punitive damages. At the close of Nationwide's evidence, a directed verdict with respect to the remaining claims in the complaint was entered in Nationwide's favor, and plaintiffs' action was dismissed. In its judgment, the trial court indicated

that it was granting Nationwide's motion for directed verdict on its counterclaim, in part, on the ground that plaintiffs breached the provision of the policy providing for an examination under oath of the insured. This Court dismissed plaintiffs' appeal from this judgment because of Appellate Rule violations. This Court further examined the evidence in the record and concluded that plaintiffs failed to establish their cause against Nationwide. Judge Harry C. Martin, writing for the Court, explained:

> Moreover, N.C.G.S. 58-176(c) requires that within sixty days after a fire loss the insured shall render to the company a sworn proof of loss. Defendant Nationwide relied upon the failure of plaintiffs to comply with this requirement as a stated basis for its motion for directed verdict at the close of all the evidence.
>
> In North Carolina, no action may be maintained on a standard fire insurance policy unless proof of loss has been filed within the prescribed sixty-day period following the fire. [Citation omitted.] N.C.G.S. 58-180.2 allows a claimant faced with the defense of failure to file timely proof of loss to plead that such failure was for good cause and that the insurance company has not been substantially harmed in its ability to defend. Plaintiffs failed to take advantage of this statute, and did not file any pleading or introduce evidence as provided thereby. Nor do plaintiffs contend in their brief that they did so. Plaintiffs followed this course of action although the trial judge had advised their counsel that he would allow an amendment to their pleadings for this purpose. This fire loss occurred on 19 January 1978; plaintiffs were provided with forms for filing proof of loss 24 January 1978. They did not file proof of loss until 27 April 1978, more than sixty days after the loss. By so doing, with nothing else appearing, plaintiffs have failed to establish their cause against defendant Nationwide, and the court for this reason properly allowed Nationwide's motion for directed verdict. [Citation omitted.]

*Mangum v. Nationwide, supra,* slip op. at 3-4. Pending the appeal of the first action against Nationwide, plaintiffs filed the present action seeking compensation for the fire damage to their personal property.

The record and opinion of this Court in the first action clearly show that the issue as to proof of loss was fully adjudicated. Pursuant to the doctrine of *res judicata* the parties were bound by this decision in all other actions involving the same matter. *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157 (1941). The matter to be litigated in both actions involved coverage under a single insurance policy for loss of property caused by the same fire. The fact that the presiding judge in the first action did not expressly allow directed verdict in Nationwide's favor because of failure to file timely proof of loss is not a matter of concern. *Res judicata* "prevails as to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment, although no specific finding may have been made in reference thereto." *Craver v. Spaugh,* 227 N.C. 129, 132, 41 S.E. 2d 82, 84 (1947). The matter of timely proof of loss was clearly pertinent to the issue of plaintiffs' recovery under the insurance policy for loss caused by the 19 January 1978 fire. In the first action, the record on its face showed that plaintiffs did not file a timely proof of loss and chose not to amend their pleadings to allege a good cause for this failure. This choice was made at their peril. "As to them, they have had a day in court and an opportunity to be heard. The facts found by the court at that hearing are conclusive. They preclude any recovery in this cause." *Id.*

[2] Plaintiffs have also argued that since they never raised the issue of compensation for loss of personal property in their first action, a subsequent suit on this matter could be litigated. We agree with Nationwide that plaintiffs are estopped from bringing their second action, because the claims for recovery of damages to personal and real property should have been litigated in one suit. The situation here is almost identical to *Lisenbey v. Farm Bureau Mutual Ins. Co. of Arkansas, Inc.,* 245 Ark. 144, 431 S.W. 2d 484 (1968). The issue before the Arkansas Supreme Court involved the right of homeowners whose houses were destroyed by fire to bring successive suits upon their fire insurance policy, first to recover for the loss of the house and later to recover for the loss of its contents. The trial court held that the first suit barred the second suit. In affirming this judgment, the Arkansas Supreme Court emphasized that only one fire insurance policy had been issued; that one premium was paid to cover loss of personal and

real property and that the same fire caused damage to the property. Based upon these reasons, the Court concluded that only one cause of action existed and that plaintiffs should not be permitted to subdivide this action.

The reasoning in *Lisenbey* is consistent with the general rule cited by our courts that all damages resulting from a single wrong or cause of action must be recovered in one suit. *See Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822 (1940). This reasoning is also consistent with the doctrine of merger, a collateral aspect of *res judicata*, as applied in actions for installments of money under a single contract. *See, e.g., Behr v. Behr*, 46 N.C. App. 694, 266 S.E. 2d 393 (1980) (suit for arrearages in separation agreement). In *Behr*, this Court concluded, "Under the doctrine of merger, a party suing for the breach of an indivisible contract must sue for all of the benefits which have accrued at the time of suit or be precluded from maintaining a subsequent action for installments omitted." *Id.* at 693, 266 S.E. 2d at 396. In the case *sub judice*, there was one action which arose from a breach of a contract to insure. Plaintiffs were correctly barred from splitting this cause of action.

Affirmed.

Judges ARNOLD and PHILLIPS concur.