CHRISALIS PROPERTIES, INC. v. SEPARATE QUARTERS, INC.

[101 N.C. App. 81 (1990)]

The State has every right to attempt to convict a defendant of the crimes charged.

In summary, for the above reasons, we find that the trial court did not err in its judgment of 28 September 1989, and therefore, affirm the judgment.

Affirmed.

Judge GREENE concurs.

Judge DUNCAN concurred prior to 29 November 1990.

———————

CHRISALIS PROPERTIES, INC., PLAINTIFF v. SEPARATE QUARTERS, INC., DEFENDANT

No. 8915SC1275

(Filed 18 December 1990)

1. **Ejectment § 5 (NCI3d); Judgments § 37.5 (NCI3d) — summary ejectment — past rent and damages claimed — res judicata to breach of contract action**

Having claimed both past rent and damages in a summary ejectment proceeding, plaintiff agreed to limit its recovery to the amount which the magistrate was authorized to award, and judgment in the summary ejectment proceeding was therefore res judicata to the present breach of contract action for past-due rents and damages under the lease; furthermore, the judgment of the magistrate could not have collateral estoppel effect, but instead had that of res judicata, since res judicata applies where there are two actions involving the same parties and the same claims, collateral estoppel where there are two actions involving the same parties but different claims, and both actions here involved the same parties and the same claims.

**Am Jur 2d, Ejectment §§ 125, 131; Judgments §§ 447, 448.**

2. **Rules of Civil Procedure § 15 (NCI3d) — motion to amend complaint made after summary judgment entered — motion properly denied**

The trial court did not err in denying plaintiff's motion to amend its complaint where the motion was made after the

CHRISALIS PROPERTIES, INC. v. SEPARATE QUARTERS, INC.

[101 N.C. App. 81 (1990)]

trial court had entered summary judgment for defendant; the trial court did not allow plaintiff's motion to set aside or amend the judgment pursuant to N.C.G.S. § 1A-1, Rules 59 and 60; and the court therefore could not allow plaintiff's motion to amend the complaint.

**Am Jur 2d, Pleadings § 317.**

APPEAL by plaintiff from judgment entered 17 July 1989 by *Judge F. Gordon Battle* in ORANGE County Superior Court. Heard in the Court of Appeals 30 May 1990.

*Edith R. Salmony and Heidi G. Chapman for plaintiff-appellant.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by James M. Tatum, Jr., Richard S. Boulden and Dieter Mauch, for defendant-appellee.*

PARKER, Judge.

In this action plaintiff seeks to recover past-due rent, taxes and other damages aggregating $37,722.47 on account of defendant's breach of its lease. Plaintiff appeals from the entry of summary judgment for defendant and denial of certain post-judgment motions. We affirm.

In July 1984 the parties entered into a written five-year commercial lease agreement for a building at 1819 Durham-Chapel Hill Boulevard. The lease was to expire 31 July 1989. The pertinent terms of the lease are as follows: (i) monthly payments on a graduated scale over the five-year lease term ($3,200.00 per month during the last four years); (ii) a portion of the annual property taxes; (iii) costs of maintenance of the premises; and (iv) right of re-entry, after giving notice of default, in case of nonpayment of rent. In 1987 and 1988 defendant defaulted in its rental, tax and maintenance payments; and on 28 October 1988 plaintiff notified defendant of its default and of plaintiff's intention to re-enter the premises.

When defendant failed to vacate the premises, plaintiff initiated a summary ejectment action in December 1988 pursuant to G.S. 42-26 based on defendant's breach of a condition of the lease. In describing the breach on the complaint in summary ejectment form, plaintiff specified that "Defendant owes $8,452.43 in back rent and taxes which have accrued from June 1987 to present." Plaintiff also claimed on the form "$1,000.00 costs to re-lease" as

the amount of damages owed in addition to past-due rent. After hearing, the magistrate found that plaintiff had proved its case based on G.S. 42-26(2)—breach of a provision of the lease thereby allowing re-entry of the premises—and ordered that plaintiff be put in possession of the premises. Additionally, on the judgment form, in the space marked "other damages," the magistrate awarded plaintiff $1,500.00, the maximum amount that the magistrate could award. The space marked "rent owed" was left blank. Neither party appealed from the magistrate's judgment.

In January 1989 plaintiff instituted the present action against defendant for breach of contract. The complaint sought recovery of all unpaid rent, taxes and maintenance fees under the lease, including payments for rent and taxes for the unexpired term of the lease which accrued subsequent to plaintiff's possession of the premises. Defendant answered claiming that the judgment in the summary ejectment action, which returned possession to plaintiff and awarded $1,500.00 in damages, barred plaintiff from maintaining the breach of contract action. Based on the pleadings and judgment in the summary ejectment proceeding, defendant moved for summary judgment. Concluding that the proceeding in summary ejectment, which included an award for money damages, was *res judicata* as to the claims alleged in this breach of contract action, the trial court granted defendant's motion for summary judgment.

Plaintiff moved for relief from judgment or, alternatively, to amend the judgment pursuant to G.S. 1A-1, Rules 59 and 60. Plaintiff also moved to amend the complaint to add a cause of action requesting the court to pierce the corporate veil of defendant Separate Quarters, Inc., and to hold the dominant shareholders in Separate Quarters, Inc., personally liable for the corporation's outstanding debts. The trial court denied all plaintiff's post-judgment motions.

On appeal plaintiff presents two issues for consideration: (i) whether the award of damages to a lessor in a summary ejectment proceeding bars any subsequent action to recover additional rents or damages due under the terms of a lease and (ii) whether the trial court erred in denying plaintiff's post-judgment motion to amend its complaint.

I.

[1] The trial court may properly grant summary judgment only when the moving party establishes the absence of a genuine issue

CHRISALIS PROPERTIES, INC. v. SEPARATE QUARTERS, INC.

[101 N.C. App. 81 (1990)]

of material fact and its entitlement to judgment as a matter of law. G.S. 1A-1, Rule 56. *See also Conner Co. v. Spanish Inns*, 294 N.C. 661, 242 S.E.2d 785 (1978). In ruling on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. *Sharpe v. Quality Education, Inc.*, 59 N.C. App. 304, 307, 296 S.E.2d 661, 662 (1982). In the present case defendant's motion for summary judgment was based solely on its contention that, as a matter of law, the judgment in the prior summary ejectment proceeding precluded plaintiff's breach of contract action against defendant for nonpayment of rent due under the lease agreement between the parties.

Under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction is conclusive as to rights, questions and facts in issue. Such judgment bars all subsequent actions involving the same issues and the same parties or those in privity with them. *First Union National Bank v. Richards*, 90 N.C. App. 650, 653, 369 S.E.2d 620, 621 (1988); *Shelton v. Fairley*, 72 N.C. App. 1, 5, 323 S.E.2d 410, 414 (1984), *disc. rev. denied*, 313 N.C. 509, 329 S.E.2d 394 (1985). The doctrine of *res judicata* also applies to those issues which could have been raised in the prior action but were not. *Kabatnik v. Westminister Co.*, 63 N.C. App. 708, 712, 306 S.E.2d 513, 515 (1983). Thus, the doctrine is intended to force parties to join all matters which might or should have been pleaded in one action. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure, Jurisdiction* § 4406 (1981); *see also Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556-57 (1986). The doctrine only applies, however, when a party attempts to litigate the same cause of action after a full opportunity to do so in a prior proceeding. *King v. Grindstaff*, 284 N.C. 348, 355-56, 200 S.E.2d 799, 804 (1973).

Plaintiff contends that summary ejectment is merely a partial remedy designed to put the lessor in quick possession of the premises with the option of obtaining minimal monetary damages to "tide him over" until he proceeds with a comprehensive action for the full range of damages due under the lease agreement. Defendant acknowledges that the statute gives the lessor the option of bringing separate actions to recover possession and monies due under the lease. Defendant contends, however, that, having claimed both past rent and damages in the summary ejectment proceeding, plaintiff agreed to limit its recovery to the amount which the magistrate was authorized to award and, therefore, the judgment in the sum-

mary ejectment proceeding precludes the present breach of contract action for past-due rents and damages under the lease.

General Statute 42-26 provides in pertinent part the following:

> Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:
>
> . . . .
>
> (2) When the tenant or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased.

G.S. 42-26(2). In the present case the lease specified that if the rent was not paid within 15 days of the first of each month, the date on which rent was due, plaintiff would have the right to re-enter the premises after notifying defendant of the forfeiture of the estate. Therefore, proper grounds existed for the summary ejectment proceeding. *Morris v. Austraw*, 269 N.C. 218, 152 S.E.2d 155 (1967); *compare Stanley v. Harvey*, 90 N.C. App. 535, 369 S.E.2d 382 (1988).

General Statute 42-28 in effect at the time the present case arose and was decided provides:

> When the lessor or his assignee files a complaint pursuant to G.S. 42-26 or 42-27, and asks to be put into possession of the leased premises . . . . *[he] may claim rent in arrears, and damages for the occupation of the premises since the cessation of the estate of the lessee, not to exceed one thousand five hundred dollars ($1,500.00), but if he omits to make such claim, he shall not be prejudiced thereby in any other action for their recovery.*

G.S. 42-28 (emphasis added). General Statute 42-30 then in effect provides:

> The summons shall be returned according to its tenor, and if on its return it appears to have been duly served, and if the plaintiff proves his case by a preponderance of the evidence

> . . . the magistrate shall give judgment that the defendant be removed from, and the plaintiff be put in possession of, the demised premises; *and if any rent or damages for the occupation of the premises after the cessation of the estate of the lessee, not exceeding one thousand five hundred dollars ($1,500.00), be claimed in the oath of the plaintiff as due and unpaid, the magistrate shall inquire thereof, and give judgment as he may find the fact to be.*

G.S. 42-30 (emphasis added). To summarize, a lessor in North Carolina has three separate remedies under our summary ejectment statute: (i) possession of the premises; (ii) an award of unpaid rent; and (iii) an award of damages for the tenant's occupation of the premises after the cessation of the estate. In this summary proceeding, however, monetary relief—the recovery of rent in arrears and damages for hold-over occupancy—is limited to the amount that the magistrate is authorized to award. This conclusion is supported by the plain language of G.S. 42-28 and 42-30. This conclusion is also supported by the statutory provisions which generally govern small claims actions before a magistrate. General Statute 7A-210 in effect at the time of this action specifies that a small claim action is one in which "[t]he amount in controversy, computed in accordance with G.S. 7A-243, does not exceed one thousand five hundred dollars ($1,500.00) . . . ."

In the present case plaintiff admits in its brief on appeal that "Chrisalis asked to be put in possession of the premises and to recover $1,000.00 in damages and $8,452.42 in rent past due." This admission, coupled with the information entered on the complaint in summary ejectment form, supports the conclusion that plaintiff sought recovery on each of its causes of action in the summary ejectment proceeding. Although G.S. 42-28 does not explicitly state that assertion of a claim for damages and past-due rents in the summary ejectment proceeding will bar a separate action for that claim, the necessary implication of the language "but if he omits to make such a claim, he shall not be prejudiced thereby in any other action for their recovery" is that if the plaintiff does make such claims in the summary ejectment proceeding he shall be prejudiced in another action whereby he attempts to relitigate these claims.

Plaintiff was not compelled to seek in its complaint for summary ejectment the amount of past-due rent or any amount for

damages. Plaintiff needed only to allege a violation of the terms of the lease entitling plaintiff to re-enter the leased premises in order to successfully maintain an action for summary ejectment. Plaintiff made a strategic decision to seek both possession of its property and a speedy recovery of a monetary award in magistrate's court, as opposed to seeking immediate possession of its property followed by a subsequent action in superior court for the full amount of the past-due rent and damages.

As noted by Justice Stacey in dicta in *Seligson v. Klyman*, 227 N.C. 347, 42 S.E.2d 220 (1947),

> Plaintiff elected not to claim "damages for the occupation of the premises since the cessation of the estate of the lessee," G.S., 42-28, as he is authorized to do without prejudice to his right to sue for same in another action, and this no doubt for the reason plaintiff did not wish to limit his claim to an amount within the jurisdiction of a justice of the peace.

*Id.* at 349, 42 S.E.2d at 222 (citations omitted). In the present case plaintiff prayed for past-due rents and damages, presented evidence to support the claims and accepted the award; therefore, plaintiff is bound by its decision to submit all its claims to the magistrate.

Plaintiff also contends that, at most, the judgment of the magistrate should have collateral estoppel effect, not that of *res judicata*. Specifically, plaintiff argues that because in the first action plaintiff did not explicitly claim the "rents" due under the lease from the time of plaintiff's re-entry through the end of the term, *res judicata* cannot apply to plaintiff's current claim for such "rents" and the prior judgment can only have collateral estoppel effect as to the rents and damages which had accrued at the time that plaintiff filed the summary ejectment action. Defendant asserts that, having petitioned the magistrate for monetary relief in the summary ejectment proceeding, plaintiff could and should have raised at that time all claims for damages proximately resulting from the breach and termination of the lease, including any claim for future "rents."

The doctrine of *res judicata* applies where there are two actions involving the same parties and the same claims or demands; the doctrine of collateral estoppel operates where there are two actions involving the same parties, but where the second action

arises from a different claim or demand. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. at 427-28, 349 S.E.2d at 556 (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877)). In the present case all plaintiff's damages, claimed in both the summary ejectment action and in the action filed in superior court, resulted from defendant's breach of the lease agreement between the parties. Our courts have held that all of a party's damages resulting from a single wrong must be recovered in one action. *See Mangum v. Nationwide Mut. Fire Ins. Co.*, 61 N.C. App. 721, 724-25, 301 S.E.2d 517, 519 (1983). The fact that the summary ejectment statute specifically allows a lessor to bring an action to regain possession of the premises separate from an action for damages does not create an exception to the general rule that all damages must be recovered in one action. Absent evidence raising an issue of mitigation of damages, plaintiff's damages for future rents could have been determined at the time of the summary ejectment proceeding. *See Monger v. Lutterloh*, 195 N.C. 274, 280, 142 S.E. 12, 16 (1928); *Isbey v. Crews*, 55 N.C. App. 47, 52, 284 S.E.2d 534, 538 (1981). Our review of the record on appeal reveals that there was no evidence before the magistrate raising an issue as to plaintiff's failure to mitigate its damages; therefore, the damages for future rents would have been ascertainable at the time of the summary ejectment proceeding and the claim should have been raised at that time.

For the foregoing reasons, we hold that under the doctrine of *res judicata*, all plaintiff's claims in the present action merged in the judgment in the summary ejectment proceeding. Therefore, entry of summary judgment dismissing plaintiff's action was proper.

II.

[2] Plaintiff contends on appeal that since G.S. 1A-1, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires" the trial court erred in denying plaintiff's motion to amend its complaint. This Court has said:

> Although N.C.G.S. § 1A-1, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," the trial court has broad discretion in permitting or denying amendments after the time for amending as a matter of law has expired. . . .

**CHRISALIS PROPERTIES, INC. v. SEPARATE QUARTERS, INC.**

[101 N.C. App. 81 (1990)]

The trial court's ruling on a motion to amend is not reviewable on appeal in the absence of an abuse of discretion. *Banner v. Banner*, 86 N.C. App. 397, 399-400, 358 S.E.2d 110, 111, *disc. rev. denied*, 320 N.C. 790, 361 S.E.2d 70 (1987) (citations omitted). In the order denying plaintiff's motion to amend its complaint, the trial court did not state its reasons for denying leave to amend. Failure to state any reason for denying a motion to amend has been held to be an abuse of discretion. *See Duncan v. Ammons Construction Co.*, 87 N.C. App. 597, 361 S.E.2d 906 (1987). However, "[a]bsent any declared reason for denial to amend, the appellate court may examine any apparent reasons for such denial." *Banner v. Banner*, 86 N.C. App. at 400, 358 S.E.2d at 111; *see also United Leasing Corp. v. Miller*, 60 N.C. App. 40, 298 S.E.2d 409 (1982), *disc. rev. denied*, 308 N.C. 194, 302 S.E.2d 248 (1983); *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 266 S.E.2d 14, *aff'd*, 301 N.C. 522, 271 S.E.2d 909 (1980).

In the present case plaintiff did not move to amend its complaint until after the trial court had entered summary judgment for defendant. After the entry of summary judgment, plaintiff moved to set aside the judgment or, alternatively, to amend the judgment pursuant to G.S. 1A-1, Rules 59 and 60. Plaintiff then moved to amend its complaint to name additional defendants and causes of action. The trial court denied the motion to set aside or amend the judgment and simultaneously denied the motion to amend the complaint. As a general rule, once judgment is entered amendment of the complaint is not allowed unless the judgment is set aside or vacated under Rule 59 or Rule 60. *See generally* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1489 (2d ed. 1990). This Court has previously applied this general rule to a dismissal pursuant to Rule 12(b)(6), *Johnson v. Bollinger*, 86 N.C. App. 1, 7-8, 356 S.E.2d 378, 382 (1987), to a dismissal pursuant to Rule 12(c), *Harris v. Medical Center*, 38 N.C. App. 716, 718, 248 S.E.2d 768, 770 (1978), and to the entry of summary judgment, *Sentry Enterprises, Inc. v. Canal Wood Corp.*, 94 N.C. App. 293, 298, 380 S.E.2d 152, 155 (1989). As discussed above, the court correctly entered judgment for defendant based on the doctrine of *res judicata* and, therefore, properly denied plaintiff's motion to set aside or amend the judgment. Since the trial court did not allow plaintiff's motion to set aside or amend the judgment pursuant to Rule 59 and Rule 60, it could not allow plaintiff's motion to amend the complaint.

Affirmed.

Judges WELLS and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 30 November 1990.