SYLVIA ANNE COLLINS SCHOOLFIELD AND HUSBAND, JAMES NOR-
   MAN SCHOOLFIELD, PETITIONERS v. WANDA LOUISE COLLINS
   (SINGLE); JOHN W. COLLINS AND WIFE, MYRTLE COLLINS;
   NASH R. COLLINS AND WIFE, ANN COLLINS; STEVE C. COL-
   LINS AND WIFE, FREDA SINK COLLINS; ALICE COLLINS MAYS
   AND HUSBAND, GARLAND D. MAYS; DORA LUCILLE COLLINS
   (SINGLE); HAZEL COLLINS THOMPSON AND HUSBAND, WAKE
   THOMPSON; FLEET M. COLLINS AND WIFE, CAROLYN COLLINS;
   AND RAYMOND COLLINS AND WIFE, JUANITA COLLINS, RE-
   SPONDENTS

No. 7118SC20

(Filed 4 August 1971)

**Rules of Civil Procedure § 56— summary judgment**

In this special proceeding for sale of a house and lot for partition,
summary judgment was properly entered for petitioners where they
offered, in support of their motion, interrogatories and the answers
thereto of the appealing respondent, the appealing respondent offered
no affidavits in response except an affidavit of counsel which asserts
in effect that he believes he will be able to offer pertinent evidence
at trial, respondent's answers to the interrogatories reveal that no
genuine issue as to a material fact exists, and upon the facts estab-
lished petitioners are entitled to judgment as a matter of law.

APPEAL by Respondent Dora Lucille Collins from *Johnston,
Judge,* 1 June 1970 Session of Superior Court held in GUILFORD
County.

This action was instituted on 15 October 1969 as a special
proceeding before the Clerk of Superior Court of Guilford
County for the sale of a house and lot for partition. The appeal-
ing respondent occupies the house.

On 26 May 1958 Cone Mills Corporation entered into a
contract to convey to Alma C. Collins (widow) and son Robert
W. Collins the house and lot involved in this proceeding. The
contract called for a cash down payment plus equal monthly
installments until the specified purchase price was paid. A
policy of mortgage life insurance was written upon the life
of Robert W. Collins. On 21 December 1962 Robert W. Collins
died and the mortgage life insurance paid the balance due on
the contract of purchase. On 14 January 1963 Cone Mills Corpo-
ration executed a warranty deed conveying a one-half undivided
interest in the house and lot to Alma C. Collins (widow) and
the other one-half undivided interest to the heirs at law of

Robert W. Collins (Louise G. Collins, estranged wife, Wanda Louise Collins and Sylvia Anne Collins, daughters of Robert W. Collins). On the same date, 14 January 1963, Louise G. Collins quitclaimed her interest in the house and lot to the two daughters, Wanda Louise Collins and Sylvia Anne Collins. At this point, according to the deeds, Alma C. Collins (widow) owned a one-half undivided interest in the house and lot, and Wanda Louise Collins and Sylvia Anne Collins owned the other one-half undivided interest.

On 24 March 1963 Alma C. Collins (widow) died leaving surviving her eight children, including the appealing respondent (Dora Lucille Collins). These are eight of the respondents listed in the caption, the ninth respondent (the first-named in the caption) is the sister of petitioner.

On 5 January 1970, after this proceeding was instituted, the will of Alma C. Collins, dated 8 February 1959, was admitted to probate in common form by the Clerk of Superior Court of Guilford County. Under the terms of this will Alma C. Collins devised her interest in the house and lot to the appealing respondent, Dora Lucille Collins. The parties have agreed that the said will is binding upon them in this proceeding.

By her answer, Dora Lucille Collins alleges that she and Alma C. Collins furnished the money for the cash down payment on the purchase contract and that she furnished the money for all household expenses, in order to leave Alma C. Collins' funds free to make the monthly payments. She alleges that Robert W. Collins furnished no part of the purchase price but was named as a party to the contract only for the purpose of obtaining mortgage life insurance upon his life, since Alma C. Collins was too old and Dora Lucille was an invalid. She prays that petitioner and her sister, as heirs of Robert, be declared to hold title to a one-half undivided interest as trustees of a resulting trust in favor of Dora Lucille; and that she be declared the beneficial owner of the entire fee title to the said house and lot. Dora Lucille Collins further alleges a contract between her and Robert W. Collins and Alma C. Collins that upon the death of both Alma C. Collins and Robert W. Collins, if Dora Lucille Collins should survive them, the said house and lot would become the property of Dora Lucille Collins.

Petitioner caused interrogatories to be served upon Dora Lucille Collins which were duly answered and filed. Thereafter

petitioner moved for summary judgment, and the trial judge granted summary judgment, ruling that Sylvia Anne Collins Schoolfield and Wanda Louise Collins each owned a one-fourth undivided interest in said house and lot, and that Dora Lucille Collins owned a one-half undivided interest therein. He further ordered that Guilford County be made a party because it had a recorded lien against the interest of Dora Lucille Collins, and that a sale of the property be deferred until the interest of Guilford County could be determined.

Respondent, Dora Lucille Collins, appealed assigning as error the granting of summary judgment for petitioner, and assigning as error that her request for jury trial was denied.

*Turner, Rollins & Rollins, by Elizabeth O. Rollins, for petitioner-appellee.*

*Smith & Patterson, by Henry N. Patterson, Jr., for respondent-appellant.*

BROCK, Judge.

In support of their motion for summary judgment petitioners offered their interrogatories and the answers thereto of the appealing respondent. The appealing respondent offered no affidavits in response, except an affidavit of counsel which asserts in effect that he believes he will be able to offer pertinent evidence at trial. Otherwise the appealing respondent relies upon her pleadings and her answers to the interrogatories. For the sake of brevity and economy we will not set out here the lengthy interrogatories and answers; suffice to say, a careful reading fails to disclose competent evidence of facts showing that there is a genuine issue for trial. The affidavit of counsel adds no competent evidence.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e).

The purpose of Rule 56 is to provide an expeditious method of determining whether a genuine issue as to any material fact

actually exists, and if not, whether the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). In our opinion the appealing respondent's answers to the interrogatories reveal that no genuine issue as to a material fact exists; and further that upon the facts established petitioner was entitled to judgment as a matter of law.

Affirmed.

Judge MORRIS and HEDRICK concur.