BERNADINE MOSES DUNCAN AND HOWARD BOYKIN DUNCAN v. AMMONS
CONSTRUCTION COMPANY INC. AND JUSTICE M. AMMONS

No. 8710SC216

(Filed 17 November 1987)

1. **Rules of Civil Procedure § 15.1— lateness of motion to amend—amendment properly denied**

   The trial court did not abuse its discretion in denying plaintiffs' motion for leave to amend their complaint to allege wanton negligence where plaintiffs waited to file the motion until the very day they wished it heard, and allowing it would have been unfair and prejudicial to defendants. N.C.G.S. § 1A-1, Rules 6(d) and 15(a).

2. **Limitation of Actions § 4.2— negligence in building house—action barred by six-year statute of limitations**

   In an action to recover from defendant builder for injuries sustained by one plaintiff when the folding stairs to her attic collapsed while she was climbing them, the trial court properly determined that the claim was filed more than six years after defendants completed improvements to real property, and N.C.G.S. § 1-50(5) barred the action; furthermore, N.C.G.S. § 1-50(5)e was inapplicable to extend the period of limitation where plaintiffs never alleged wanton negligence or made any assertions of intentional wrongdoing.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 17 October 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 25 September 1987.

*Moses & Murphy by Pinkney J. Moses for plaintiff appellants.*

*Teague, Campbell, Dennis & Gorham by George W. Dennis, III, for defendant appellees.*

COZORT, Judge.

Plaintiffs filed this action grounded in negligence to recover damages for personal injuries. Defendants denied negligence and moved for summary judgment on the basis of the statute of repose. On the date the summary judgment motion was to be heard, plaintiffs moved to amend the complaint to allege "wanton" negligence. From an order granting defendants' motion for summary judgment and denying plaintiffs' motion for leave to amend, plaintiffs appeal.

On 10 September 1979, plaintiffs purchased a home, which had been built and completed by defendants prior to that date. On 15 May 1983, plaintiff Bernadine Duncan suffered injuries when the folding attic staircase collapsed as she was climbing it. On 14 May 1986, plaintiffs filed suit alleging that defendants had installed the staircase in a negligent manner. Defendants denied negligence and pled the statute of repose under N.C. Gen. Stat. § 1-50(5) as a bar to plaintiffs' action. N.C. Gen. Stat. § 1-50(5) provides:

a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

Defendants then filed a motion for summary judgment, again pleading the statute of repose.

A hearing on defendants' summary judgment motion was scheduled for 16 October 1986. On that day, immediately prior to the hearing, plaintiffs filed a motion for leave to amend their complaint. Plaintiffs' motion requested leave to include a claim for wanton negligence, which would enable plaintiff to rely on N.C. Gen. Stat. § 1-50(5)e, which provides:

The limitation prescribed by this subdivision [N.C. Gen. Stat. § 1-50(5)] shall not be asserted as a defense by any person who shall have been guilty of fraud, or *willful or wanton negligence* in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, supervision, testing or observation of construction, or construction of an improvement to real property, or a repair to an improvement to real property, or to a surety or guarantor of any of the foregoing persons, or to any person who shall wrongfully conceal any such fraud, or willful or wanton negligence. (Emphasis supplied.)

The trial court considered both motions simultaneously. The trial court then issued an order denying plaintiffs' motion for leave to amend, ruling that the motion was not timely filed and that plaintiffs failed to give notice of the hearing thereof, as re-

quired by N.C. Gen. Stat. § 1A-1, Rule 6(d). In the same order, the trial court granted defendants' motion for summary judgment. From that order, plaintiffs appeal.

[1]   Plaintiffs argue that the trial court erred in denying its motion for leave to amend the complaint. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 15 provides in pertinent part:

> (a) *Amendments.*—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

Since defendants had already filed a responsive pleading, plaintiffs could amend their complaint only by the defendants' written consent, which was never given, or by leave of court. Although leave to amend should be freely given, the motion is addressed to the discretion of the trial judge and is not reviewable on appeal in the absence of a showing of an abuse of discretion. *Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979). Refusal to grant the motion without any justifying reason and without a showing of prejudice to defendant is considered an abuse of discretion. *Henry v. Deen*, 61 N.C. App. 189, 300 S.E. 2d 707 (1983), *rev'd on other grounds*, 310 N.C. 75, 310 S.E. 2d 326 (1984).

In the case at bar, the trial judge stated his reason for denying plaintiffs' motion. In his order, the trial judge said, "[p]laintiffs having failed to timely file their Motion for Leave to Amend Complaint and give notice of the hearing thereof under North Carolina Rule of Civil Procedure [6(d)][1] said motion is denied." Rule 6(d) provides in part:

---

1. The record on appeal states that the trial court referred to Rule 6"(b)." However, after reading the briefs and the entire record, we are convinced that the "(b)" is a typographical error in the record and that the trial court was actually relying on Rule 6"(d)."

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court.

Clearly, plaintiffs did not comply with the requirements of Rule 6(d). Rather, they waited to file their motion until the very day that they wished it heard. Because of the untimely manner in which the motion was presented, allowing it would have been unfair and prejudicial to defendants. Therefore, we hold that the trial court did not abuse its discretion in denying plaintiffs' motion.

[2] Plaintiffs next contend that the trial court erred in granting defendants' motion for summary judgment. We disagree.

The purpose of summary judgment is to provide an expeditious method of determining whether a genuine issue of material fact exists, and if not, whether the moving party is entitled to judgment as a matter of law. *Schoolfield v. Collins*, 12 N.C. App. 106, 182 S.E. 2d 648 (1971), *rev'd on other grounds*, 281 N.C. 604, 189 S.E. 2d 208 (1972). If plaintiffs' claim is barred by the statute of limitations, defendant is entitled to judgment as a matter of law and summary judgment is appropriate. *Brantley v. Dunstan*, 10 N.C. App. 706, 179 S.E. 2d 878 (1971).

In this case, the applicable statute of limitations is N.C. Gen. Stat. § 1-50(5), which requires that an action arising out of an alleged defective or unsafe condition of an improvement to real property be brought within six years from the last specific act or omission of defendants giving rise to the cause of action. This statute "is designed to limit the potential liability of architects, contractors, and perhaps others in the construction industry for improvements made to real property." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 428, 302 S.E. 2d 868, 873 (1983).

Defendants in the present action completed construction on plaintiffs' home prior to 10 September 1979. Plaintiffs had an outside time limit of six years from that date, or until 10 September 1985, to bring an action for negligent construction. Plaintiffs had more than two years from the date of the accident, 15 May 1983, to bring an action. However, plaintiffs did not file their complaint

until 14 May 1986. Since they failed to file their complaint within the six-year limitations period, N.C. Gen. Stat. § 1-50(5) bars their action.

Plaintiffs argue, however, that N.C. Gen. Stat. § 1-50(5)e is applicable here, precluding defendants from relying on the protection of N.C. Gen. Stat. § 1-50(5). The trial court ruled that N.C. Gen. Stat. § 1-50(5)e did not apply, because "wanton negligence" was not alleged in plaintiffs' complaint. Plaintiffs contend that the word "wanton" has no fixed definition, but is a "term of art" used to separate ordinary from extraordinary negligence and that whether or not defendants' behavior was wanton is a question for the jury.

We hold that the allegations in plaintiffs' complaint were insufficient to assert a claim for "wanton negligence." In *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956), our Supreme Court stated:

> Negligence, a failure to use due care, be it slight or extreme, connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. . . . Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.

*Id.* at 28, 92 S.E. 2d at 396-97.

In their complaint, plaintiffs never allege wanton negligence or make any assertions of intentional wrongdoing. Therefore, we hold that N.C. Gen. Stat. § 1-50(5)e is inapplicable in this action.

Since plaintiffs' claim was filed more than six years after defendants completed improvements to real property, N.C. Gen. Stat. § 1-50(5) bars the action. Accordingly, the trial court's decision to grant defendants' motion for summary judgment is affirmed.

Affirmed.

Judges PHILLIPS and GREENE concur.