RUTHANN M. CAGE, Plaintiff-Appellant v. COLONIAL BUILDING COMPANY, INC. OF RALEIGH, Defendant-Appellee

No. 9210SC883

(Filed 7 September 1993)

**Limitations, Repose, and Laches § 32 (NCI4th) — builder in possession and owner of house — sale to plaintiff — defective condition subsequently discovered — ten-year statute of repose applicable — action improperly dismissed**

In an action to recover for damages to plaintiff's home resulting from defendant's allegedly negligent construction, the trial court erred in finding that the six-year limitation of N.C.G.S. § 1-50(5)(a) barred plaintiff's action, since defendant builder was in actual possession and the owner of the house at the time it was constructed and at the time the defective condition causing the damage was constructed and the six-year limitation could not be asserted as a defense pursuant to N.C.G.S. § 1-52(5)(d); the ten-year statute of repose set out in N.C.G.S. § 1-52(16) applied; the three-year statute of limitations for plaintiff's cause of action did not accrue until physical damage to the house became apparent in October 1990; and plaintiff's suit filed in January 1991 was well within the three-year statute of limitations and within the ten-year statute of repose which began to run on 7 December 1984 when defendant sold the home to plaintiff.

Am Jur 2d, Building and Construction Contracts § 114.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

Appeal by plaintiff from judgment entered 20 May 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 7 July 1993.

CAGE v. COLONIAL BUILDING CO.

[111 N.C. App. 828 (1993)]

*Petree Stockton, by John F. Mitchell and Katherine E. Flanagan, for plaintiff-appellant.*

*Joslin & Sedberry, by William Joslin, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff-appellant, Ruthann M. Cage, filed a *pro se* action against Colonial Building Company, Inc. of Raleigh (Colonial) on 25 January 1991 in the small claims division of Wake County District Court to recover her expenses from repairs made to her home at 1419 Traherne Drive in Raleigh, North Carolina. The magistrate's 25 February 1991 decision dismissing the complaint was appealed to Wake County District Court.

On 13 May 1991, Ms. Cage retained counsel who filed a motion to amend the original small claims complaint. The motion was allowed, and the amended complaint was filed on 12 June 1991. Colonial filed its answer and motion to dismiss on 12 July 1991. By consent order, this action was transferred to the Wake County Superior Court Division on 27 August 1991. On 18 May 1992, after hearing the arguments of counsel, Colonial's motion to dismiss was allowed. Ms. Cage filed timely notice of appeal.

This case arises out of the construction of a townhouse in Gloucester Village in Raleigh, North Carolina. Colonial was the general contractor for the townhouses in Gloucester Village. Ms. Cage purchased her townhouse in Gloucester Village on 7 December 1984. Colonial was the owner of the townhouse at the time it was conveyed to Ms. Cage and throughout the construction of the townhouse.

Ms. Cage has lived in the townhouse with her two children from December 1984 when she purchased the townhouse through the present. In October of 1990, water from a second floor bathroom in the townhouse began to leak, pouring through the first floor ceiling and light fixture, onto the dining room table and carpeting on the first floor. Ms. Cage contacted a contractor, Forest Hill Associates, for a repair estimate and a plumber to evaluate the plumbing problem. The plumber could not determine the cause for the water leak. In the process of assessing the damage, the Forest Hill Associates' repairman pulled up the carpeting and discovered rotting floorboards underneath the carpet. The contractor pulled up more carpeting and continued to find rotting floor-

CAGE v. COLONIAL BUILDING CO.

[111 N.C. App. 828 (1993)]

boards throughout the entire first floor of the townhouse. Forest Hill Associates provided Ms. Cage with an estimate of the repair costs, including the costs of replacing the floorboards. Ms. Cage's homeowner's insurance carrier would not pay for the costs of repairing and replacing the rotting floorboards or the carpeting that needed to be removed to replace the floorboards because it determined that the extensive rotting floorboards were not caused by the October 1990 leak from the second floor bathroom. Ms. Cage filed her small claims action in January of 1991 to recover the costs to repair the rotting floorboards caused by the improper workmanship in the construction of the townhouse.

In April of 1991, Ms. Cage contacted Birmingham Consultant Services, a North Carolina licensed building contractor, to evaluate the possible cause of the rotting floorboards so that the cause could be corrected and further destruction of the townhouse prevented. George Birmingham of Birmingham Consulting Services conducted a thorough inspection of the townhouse and found several conditions contributing to the deterioration and rotting of the floorboards as well as numerous violations of the North Carolina Building Code. Specifically, Mr. Birmingham found that the copper flashing around the door frames and window frames was improperly constructed, causing water to drain toward the house rather than away from the house. The door and window openings to the exterior were not "fully weatherstripped, gasketed or otherwise treated to limit infiltration" as required by the applicable North Carolina Uniform Residential Building Code. Also, the brick front stoop was constructed at a slant toward the bottom of the front entrance so that water flowed toward the front entrance rather than away from the house. Water running underneath the entrance frame and running down behind the door frames and window frames due to the improper flashing and the improper construction of the brick front stoop caused the rotting and deterioration of the window frames and door frames and the rotting and deterioration of the floorboards and support joists underneath the townhouse. As a result of this improper workmanship and alleged negligence, Ms. Cage had to replace the door frames, window frames, floorboards, support joists and carpeting, and needs to replace the brick front stoop and stairs and do some landscaping to provide for proper drainage away from the house.

The amended complaint filed on 21 June 1991 sought to recover the costs of these repairs on the grounds of Colonial's negligence,

CAGE v. COLONIAL BUILDING CO.

[111 N.C. App. 828 (1993)]

breach of implied warranties, and negligence *per se* for violations of the North Carolina Building Code by defendant.

On appeal, plaintiff first argues that the trial court erred in finding that North Carolina General Statutes § 1-50 (Cum. Supp. 1992) bars her cause of action against defendant and erred in granting defendant's 12(b)(6) motion. We agree.

North Carolina General Statutes § 1-50(5)(a)[1] states in pertinent part that:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause or substantial completion of the improvement.

Plaintiff, however, contends that the six year statute of repose does not apply to her case because of the exception found in North Carolina General Statutes § 1-50(5)(d)[2] which states that:

> The limitation prescribed by this subdivision *shall not be asserted as a defense* by any person in actual possession or control, as owner, tenant or otherwise, of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the injury or death for which it is proposed to bring an action, in the event such person in actual possession or control either knew, or ought reasonably to have known, of the defective or unsafe condition (emphasis added).

In light of the statutory language, we are first concerned as to when the defective or unsafe condition constituted the proximate cause of the damage occurring. We note that from the facts, plaintiff incurred substantial damage resulting from defendant's improper workmanship and original breach of warranty. In *Sellers v. Friedrich Refrigerators, Inc.*, 283 N.C. 79, 85, 194 S.E.2d 817, 820 (1973), our Supreme Court stated that the statutory language " 'at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury . . .' must be read in light of the established rule that subsequent substantial damage

---

1. North Carolina General Statutes § 1-50(5)(a) was modified slightly in 1991.

2. North Carolina General Statutes § 1-50(5)(d) was unaffected by changes made to this section in 1991.

CAGE v. COLONIAL BUILDING CO.

[111 N.C. App. 828 (1993)]

is but an aggravation of the perhaps nominal damages which are inferred from the original breach of warranty or tortious invasion of a right." (citation omitted.)

Ms. Cage alleged in her complaint that she purchased a townhouse on 4 December 1984, when Colonial was the owner and builder, and that she discovered the defective condition in October of 1990 and filed her complaint on 25 January 1991, more than six years after the specific last act of defendant. Ms. Cage contends that because Colonial was in actual possession and the owner of the townhouse at the time it was constructed and at the time the defective condition causing the damage was constructed, North Carolina General Statutes § 1-50(5) cannot be asserted by Colonial as a defense to these claims. We believe that plaintiff is correct. At the time the copper flashing was improperly constructed, the openings and exterior improperly treated to limit infiltration, and at the time the brick front stoop was improperly constructed, defendant was in actual control as owner of the property. *Accord Earls v. Link, Inc.*, 38 N.C. App. 204, 247 S.E.2d 617 (1978) (in an action for breach of implied warranty against builder to recover costs of repairing a defective chimney, the discovery rule and the ten year statute of repose governed rather than North Carolina General Statutes § 1-50(5) because defendant builder was in actual control as owner at the time the defective condition was constructed).

Therefore, the ten year statute of repose set out in North Carolina General Statutes § 1-52(16)[3] applies. The statute states that:

Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

Accordingly, the statute of limitations for plaintiff's cause of action did not accrue until physical damage to the townhouse became apparent in October of 1990 when the carpeting was removed.

---

3. North Carolina General Statutes § 1-52(16) was unaffected by changes made to this section in 1991.

BREWINGTON v. N.C. DEPT. OF CORRECTION

[111 N.C. App. 833 (1993)]

It was in October of 1990 that the three year statute of limitations enumerated in North Carolina General Statutes § 1-52(5), which governs the breach of implied warranty, negligence, and negligence *per se*, began to run. *See Wilson v. McLeod Oil Co., Inc.,* 327 N.C. 491, 398 S.E.2d 586 (1990), *reh'g denied,* 328 N.C. 336, 402 S.E.2d 844 (1991); *Pembee Mfg. Corp. v. Cape Fear Constr. Co. Inc.,* 69 N.C. App. 505, 317 S.E.2d 41 (1984), *aff'd,* 313 N.C. 488, 329 S.E.2d 350 (1985).

Plaintiff then had three years from the time she discovered the latent defects (October 1990) to file suit. Plaintiff filed suit on 25 January 1991, well within the three year statute of limitations. Plaintiff's filing was also well within the ten year statute of repose which began to run on 7 December 1984 when defendant sold the townhouse to plaintiff. We, therefore, hold that plaintiff's complaint was timely filed and that the 12(b)(6) motion was improvidently granted by the trial court.

The decision of the trial court is reversed and this case is remanded for trial.

Judges WYNN and JOHN concur.