BARBARA B. NOLAN, INDIVIDUALLY AND AS TRUSTEE OF BARBARA B. NOLAN TRUST, PLAINTIFF v. PARAMOUNT HOMES, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF V. STO CORPORATION; LADD EXTERIOR WALL SYSTEMS, INC.; CAROLINA BUILDERS CORPORATION; AND CEDAR ROOFS OF RALEIGH, INC., THIRD-PARTY DEFENDANTS

No. COA98-1352

(Filed 21 September 1999)

**Statute of Limitations— statute of repose—real property improvements—substantial completion—last act or omission**

Summary judgment was properly granted for defendant based upon the statute of repose in an action for breach of implied warranties of habitability and workmanlike construction

NOLAN v. PARAMOUNT HOMES, INC.

[135 N.C. App. 73 (1999)]

arising from the construction and sale of a house where a certificate of compliance was issued for the house on 6 June 1991 and plaintiff brought her action on 23 October 1997. Under N.C.G.S. § 1-50(a)(5)(a), plaintiff has the burden of showing that she brought her action within six years of either the substantial completion of her house or the specific last act or omission of defendant giving rise to the action. The house was substantially completed upon issuance of the certificate of compliance since it then could be used for its intended purpose and, since all of defendant's claims relate to defendant's construction of the house, defendant's last act giving rise to this action must have occurred while defendant was constructing the home. Work on the punch list was not the last act and did not constitute substantial completion because that work did not give rise to the cause of action and there is no evidence that the items on the list prevented or materially interfered with plaintiff using the home as a residence. References in prior cases tending to support the proposition that N.C.G.S. § 1-50(a)(5)(a) runs from the date of sale are dicta.

Appeal by plaintiff from judgment entered 25 August 1998 by Judge E. Lynn Johnson in Durham County Superior Court. Heard in the Court of Appeals 23 August 1999.

*Spears, Barnes, Baker, Wainio & Whaley, L.L.P., by Jessica S. Cook and Alexander H. Barnes, for plaintiff-appellants.*

*Brown, Todd & Heyburn, P.L.L.C., by Julie M. Goodman, for defendant and third party plaintiff-appellee.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Gary R. Govert, for defendant and third party plaintiff-appellee.*

*No brief filed for third party defendant-appellee Sto Corporation.*

*No brief filed for third party defendant-appellee Ladd Exterior Wall Systems, Inc.*

*No brief filed for third party defendant-appellee Carolina Builders Corporation.*

*No brief filed for third party defendant-appellee Cedar Roofs of Raleigh Inc.*

NOLAN v. PARAMOUNT HOMES, INC.

[135 N.C. App. 73 (1999)]

EAGLES, Chief Judge.

This appeal considers the question of what event triggers the running of the real property improvements statute of repose N.C.G.S. § 1-50(a)(5)(a) (Supp. 1998).

This lawsuit arises out of defendant Paramount Homes Inc.'s construction and sale of a house to plaintiff Barbara B. Nolan. Defendant is in the business of building and selling houses. In the spring of 1991, defendant built a house at 3411 Fairway Lane in Durham, North Carolina, for speculation. On 6 June 1991, the Durham City-County Inspections Department issued a Certificate of Compliance for the house. The certificate stated that the house was in substantial compliance with applicable building and zoning ordinances. On 9 December 1991, plaintiff Barbara Nolan purchased the house from defendant. Defendant completed work pursuant to a punch list sometime in March or April of 1992.

On 23 October 1997 plaintiff filed suit alleging that defendant was negligent and breached its implied warranties of habitability and workmanlike construction. On 8 January 1998, defendant moved for summary judgment alleging that the applicable statute of repose, N.C.G.S. § 1-50(a)(5)(a) (Supp. 1998), bars plaintiff's claim. The trial court granted defendant's summary judgment motion. Plaintiff appeals.

These facts present the question of what event triggers the running of the real property improvements statute of repose. Our research disclosed no controlling precedent in North Carolina. *See Cage v. Colonial Building Co.*, 337 N.C. 682, 448 S.E.2d 115 (1994); *Duncan v. Ammons Construction Co.*, 87 N.C. App. 597, 361 S.E.2d 906 (1987); *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E.2d 273 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 485 (1985). The instant case is before us on a motion for summary judgment. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, N.C.R. Civ. Pro. 56(c) (1990); *Robinson, Bradshaw & Hinson P.A. v. Smith*, 129 N.C. App. 305, 314, 498 S.E.2d 841, 848, *disc. review denied*, 348 N.C. 695, 511 S.E.2d 650 (1998). We must take all inferences in favor of the nonmoving party. *Id.* The running of a statute of repose presents a purely legal question. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 872 (1983).

The North Carolina real property improvement statute of repose provides:

No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C.G.S. § 1-50(a)(5)(a). Plaintiff has the burden of showing that she brought this action within six years of either (1) the substantial completion of the house or (2) the specific last act or omission of defendant giving rise to this cause of action. *See Sink v. Andrews*, 81 N.C. App. 594, 597, 344 S.E.2d 831, 833 (1986).

N.C.G.S. § 1-50(a)(5)(c) defines "substantial completion" as being "that degree of completion of a project, improvement or specified area or portion thereof upon attainment of which the owner can use the same for the purpose for which it was intended." An owner of a residential dwelling may use it as a residence when the appropriate government agency issues a final certificate of compliance. *See* N.C.G.S. § 153A-363 (Supp. 1998); N.C.G.S. § 160A-423 (1994). The owner may then utilize the residence for the purpose which it was intended and the home is substantially completed under N.C.G.S. § 1-50(a)(5).

The Durham City-County Inspections Department issued a certificate of compliance for the house on 6 June 1991. The certificate of compliance noted that the house was a single family dwelling. It also stated that defendant had constructed the house in compliance with all applicable building and zoning ordinances. Under this certificate of compliance an owner could utilize the property as a residence on 6 June 1991. *See* N.C.G.S. § 153A-363; N.C.G.S. § 160A-423. Since it could be utilized for its intended purposes, upon issuance of the certificate of compliance, we hold that the house was "substantially completed" for purposes of N.C.G.S. § 1-50(a)(5) on 6 June 1991. Therefore, defendant substantially completed the house in question more than six years before plaintiff filed her claim.

Plaintiff argues that defendant did not actually substantially complete work on the house until it had completed the work done on the punch list in March-April 1992. We are not persuaded. N.C.G.S. § 1-50(a)(5) clearly states that as soon as the property may be used for its intended purpose, it is substantially completed. There is no evi-

dence in this record that the items on the punch list prevented or materially interfered with plaintiff using the house as a residence. Therefore, defendant substantially completed the home on 6 June 1991 and not when it completed the work on the punch list.

N.C.G.S. § 1-50 does not define "last act or omission." However, the plain language indicates that the statute of repose "clock" begins to run from the specific last act or omission giving rise to the cause of action. Section 1-50(a)(5)(a). Plaintiff must establish a direct connection between the harm alleged and that last specific act or omission. Plaintiff attempts to make this connection with her claim for the breach of the implied warranty of workmanlike construction. Under this warranty, the builder-vendor warrants that it constructed the house in a workmanlike manner and that the house is free from major structural defects at the time of sale or the taking of possession whichever occurs first. *Hartley v. Ballou,* 286 N.C. 51, 62, 209 S.E.2d 776, 783 (1974). Plaintiff argues that her action for breach of an implied warranty of workmanlike construction did not arise until defendant sold the house to her. Since defendant cannot breach this warranty without the act of sale, plaintiff claims that defendant's last act giving rise to this action is necessarily the sale of the house and not the completion of construction.

We are not persuaded by plaintiff's argument. Unlike a statute of limitations, a statute of repose will begin to run when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. *Black v. Littlejohn,* 312 N.C. 626, 633, 325 S.E.2d 469, 474-75 (1985); *Monson v. Paramount Homes, Inc.,* 133 N.C. App. 235, 515 S.E.2d 445 (1999). The statute serves as "an unyielding and absolute barrier" preventing a plaintiff's claim even before his cause of action accrues. *Black,* 312 N.C. at 633, 325 S.E.2d at 475. If plaintiff fails to file within the prescribed period, the statute gives defendant a vested right not to be sued. *Colony Hill,* 70 N.C. App. at 394, 320 S.E.2d at 276.

Our courts have made it clear that a statute of repose may operate to cut off a defendant's liability even before an injury occurs. Plaintiff's alleged injury occurred at the earliest on 23 October 1997 when defendant sold her the house. However, defendant's last act giving rise to this action took place when it completed construction on 6 June 1991. Plaintiff alleges that defendant breached the implied warranty of habitability, implied warranty of workmanlike construction, and that defendant negligently constructed the house. Plaintiff points

particularly to the construction of the home's walls as being deficient. These claims all relate to defendant's improper construction of the home. Any act or omission giving rise to a claim must have occurred while defendant was constructing the home. Accordingly, we hold that N.C.G.S. § 1-50(a)(5) began to run on the last day that defendant performed construction relating to the harm alleged and not on the day of sale.

Here defendant completed construction on 6 June 1991. On that day, Durham City-County Inspections Office issued its certificate of compliance. Defendant did not engage in any construction after that date. Thus, the statute began to run on 6 June 1991. Since plaintiff did not file her action until 23 October 1997, the statute of repose bars her claim.

Plaintiff argues that the courts of our state have already held that N.C.G.S. § 1-50(a)(5)(a) runs from the date of sale. *See Cage v. Colonial Building Co.*, 111 N.C. App. 828, 833, 433 S.E.2d 827, 830, (1993), *rev'd*, 337 N.C. 682, 448 S.E.2d 115 (1994); *Duncan*, 87 N.C. App. at 600, 361 S.E.2d at 909; *Colony Hill*, 70 N.C. App. at 395, 320 S.E.2d at 276. Upon a careful examination of these cases, we conclude that our courts have never previously decided this issue. We further conclude that any reference in these cases tending to support plaintiff's proposition is mere dicta. *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985).

In *Duncan*, defendants completed construction on a home sometime prior to the purchase date of 10 September 1979. *Duncan*, 87 N.C. App. at 598, 361 S.E.2d at 907. On 14 May 1986, plaintiffs filed suit against the contractor alleging injuries related to faulty construction. *Id.* In affirming the trial court's order for summary judgment based on the statute of repose, the *Duncan* court stated, "Defendants in the present action completed construction on plaintiffs' home prior to 10 September 1979. Plaintiffs had an outside time limit of six years from that date, or until 10 September 1985, to bring an action for negligent construction." *Id.* at 600, 361 S.E.2d at 909.

We note that the *Duncan* court did not decide whether the defendants' last act for purposes of the statute of repose was the completion of construction or the sale of the house. *Id.* Resolution of that issue was unnecessary to the court's decision because plaintiffs' claim failed under either date. *Id.* Therefore, we conclude that *Duncan* is not helpful concerning the running of the statute of repose. *Trustees of Rowan Tech.*, 313 N.C. at 242, 328 S.E.2d at 281.

Likewise, we conclude that we are not bound by *Colony Hill.* This Court decided *Colony Hill* under an earlier version of the real property improvements statute of repose. *See* 1963 N.C. Sess. Laws c. 1030. Plaintiffs claimed defendants owed them a continuing duty because of the defendants' continuing ownership interest in the property. *Colony Hill,* 70 N.C. App. at 395, 320 S.E.2d at 276. Without deciding the effect of a continuing ownership interest on the statute of repose, the *Colony Hill* court discounted plaintiffs' argument. *Id.* In *Colony Hill,* the defendants conveyed away the alleged ownership interest more than six years from the time of filing. *Id.* Since that alleged ownership interest did not have any bearing on the outcome of *Colony Hill* we are not persuaded that the statute of repose ran from the date of sale.

Finally, we hold that *Cage* does not bind us here. In *Cage,* plaintiff sued the defendant general contractor on 25 January 1991 for defective construction of a house she bought on 7 December 1984. *Cage,* 337 N.C. at 684-85, 448 S.E.2d at 116. This Court held that N.C.G.S. § 1-52(16) (1991) applied giving plaintiff a ten year statute of repose. *Id.* at 685, 448 S.E.2d at 117. In noting that plaintiff's claim fell within the statute of repose, this court stated "Plaintiff's filing was also well within the ten year statute of repose which began to run on 7 December 1984 when defendant sold the townhouse to plaintiff." *Cage v. Colonial Building Co.,* 111 N.C. App. 828, 833, 433 S.E.2d 827, 830 (1993), *rev'd,* 337 N.C. 682, 448 S.E.2d 115 (1994). The Supreme Court reversed, holding that N.C.G.S. § 1-50(a)(5)(a) applied giving plaintiff a six year statute of repose only. *Cage,* 337 N.C. at 685-86, 448 S.E.2d at 117. The Supreme Court then held that defendant's conduct occurred more than six years before plaintiff brought her claim. *Id.* In so holding, the Court did not specify the conduct of defendant to which it was referring. *Id.* Both the date of sale and implicitly the completion of construction took place outside of the six year period. *Id.* at 684, 448 S.E.2d at 116. Therefore, this opinion sheds no light on whether N.C.G.S. § 1-50(a)(5)(a) runs from the date of sale or the last day of construction.

Plaintiff argues alternatively that defendant's completion of the work on the punch list constitutes the last act or omission. We are not persuaded by this argument. A careful examination of the punch list shows that defendant did not perform work related to the harm complained of here. In order to constitute a last act or omission, that act or omission must give rise to the cause of action. Here, the work on the punch list did not give rise to this action and therefore does not constitute defendant's last act or omission.

For the reasons stated, we hold that the trial court's entry of summary judgment for defendant is affirmed.

Affirmed.

Judges WALKER and McGEE concur.