MITCHELL v. MITCHELL'S FORMAL WEAR, INC.

[168 N.C. App. 212 (2005)]

---

MARY HILL MITCHELL, PLAINTIFF v. MITCHELL'S FORMAL WEAR, INC., M. LEWIS CONSTRUCTION, INC., AND CRABTREE VALLEY MALL & PLAZA ASSOCIATES, DEFENDANTS

No. COA03-1486

(Filed 18 January 2005)

**Statutes of Limitation and Repose— statute of repose—defective or unsafe condition of improvement to real property**

The trial court did not err by granting summary judgment in favor of defendant construction company in an action arising out of plaintiff's injury in the dressing room of defendant formal wear store when a bench on which she was sitting collapsed and caused her to fall to the floor, because: (1) plaintiff's complaint was barred by the six-year statute of repose set forth in N.C.G.S. § 1-50(a)(5) when the record indicated that defendant construction company substantially completed its renovations more than six years prior to plaintiff's injury and subsequent complaint; (2) although defendant store operated for more than three years prior to receiving a final certificate of occupancy from the pertinent city, a certificate of compliance or a certificate of occupancy is not required to be issued before a renovation project is deemed

substantially complete; and (3) although plaintiff argues in the alternative that the date of substantial completion was defined by the contract between defendant store and defendant construction company, plaintiff does not invoke a real party in interest statute nor is she named as a third-party beneficiary of the contract between defendants.

Appeal by plaintiff from order entered 16 July 2003 by Judge Ripley E. Rand in Wake County Superior Court. Heard in the Court of Appeals 31 August 2004.

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Philip A. Collins, for plaintiff-appellant.*

*Poe, Hoof & Associates, P.A., by J. Bruce Hoof, for defendant-appellee M. Lewis Construction, Inc.*

TIMMONS-GOODSON, Judge.

Mary Hill Mitchell ("plaintiff") appeals the trial court order granting summary judgment in favor of M. Lewis Construction, Inc. ("Lewis Construction"). For the reasons discussed herein, we affirm the trial court order.

The facts and procedural history pertinent to the instant appeal are as follows: In November 1995, Mitchell's Formal Wear, Inc. ("Mitchell's Formal Wear") entered into a contract with Lewis Construction whereby Lewis Construction would make certain renovations to a Mitchell's Formal Wear store located at Crabtree Valley Mall in Raleigh. The renovation plans included the construction and installation of benches in the store's dressing rooms.

Although the store opened for business on or about 15 January 1996, the City of Raleigh did not issue a permanent certificate of occupancy for the store until January 1999. Michael Lewis ("Lewis"), President of Lewis Construction, stated in an affidavit that a temporary certificate of occupancy was issued to Mitchell's Formal Wear in January 1996. Lewis explained that the delay between the completion of the renovations and the issuance of the permanent certificate of occupancy was attributable to ongoing renovations at Crabtree Valley Mall that were unrelated to the Mitchell's Formal Wear store.

On 23 February 2000, plaintiff was injured in the dressing room of Mitchell's Formal Wear when a bench on which she was sitting collapsed and caused her to fall to the floor. After reviewing pho-

tographs of the dressing room and the bench, Michael J.E. Sanchez ("Sanchez"), a professional engineer, determined that the bench had been attached to the wall by one strip of glue and one drywall screw. Sanchez further determined that the collapse of the bench was due to its faulty construction.

On 12 March 2002, plaintiff filed suit against Mitchell's Formal Wear, Lewis Construction, and Crabtree Valley Mall and Plaza Associates. On 9 May 2002, plaintiff filed an amended complaint, alleging *inter alia* that Mitchell's Formal Wear knew or should have known that the bench was in a dangerous condition, and that Lewis Construction constructed and installed the bench in a negligent manner. On 11 February 2003, Lewis Construction filed a motion for summary judgment, arguing that plaintiff's complaint against Lewis Construction was barred by the six-year statute of repose set forth in N.C. Gen. Stat. § 1-50(a)(5). In an order entered 2 July 2003 and amended 16 July 2003, the trial court granted summary judgment in favor of Lewis Construction. Plaintiff appeals.

---

The only issue on appeal is whether the trial court erred by granting summary judgment in favor of Lewis Construction. Plaintiff argues that she filed her complaint against Lewis Construction within the time specified in the statute of repose, and that therefore judgment as a matter of law in Lewis Construction's favor was inappropriate. We disagree.

N.C. Gen. Stat. § 1-50(a)(5) (2003) provides as follows:

No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

The statute further provides that "an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes . . . [a]ctions to recover damages for the negligent construction or repair of an improvement to real property[.]" *Id.* The statute defines "substantial completion" as "that degree of completion of a project, improvement or specified area or portion thereof . . . upon attainment of which the owner can use the same for the purpose for which it was intended[,]" and the statute provides that "[t]he date of substantial completion may be established by written agreement." *Id.*

Whether a statute of repose has run is a question of law. *Nolan v. Paramount Homes, Inc.*, 135 N.C. App. 73, 75, 518 S.E.2d 789, 791 (1999), *disc. review denied*, 351 N.C. 359, 542 S.E.2d 214 (2000). "Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired." *Bryant v. Don Galloway Homes, Inc.*, 147 N.C. App. 655, 657, 556 S.E.2d 597, 600 (2001). "The moving party has the burden of producing evidence sufficient to show that summary judgment is justified. The burden then shifts to the non-moving party to ' "set forth specific facts showing that there is a genuine issue for trial." ' " *Id.* (citations omitted).

In the instant case, the pleadings, depositions, and other documentary evidence suggest that the date of "substantial completion" for the Mitchell's Formal Wear renovation was 6 December 1995. Attached to Lewis Construction's Supplemental Responses to Plaintiff's Requests for Admissions was an invoice addressed to Mitchell's Formal Wear and dated 6 December 1995. The invoice indicates that "100%" of the "Framing" and "Woodwork" was complete. In his affidavit, Lewis states that he believes the bench was completed on or before 6 December 1995 "based upon the Lewis Construction invoice dated December 6, 1995 . . . [which] reflects that 100% of the framing and 100% of the woodwork for the job had been completed as of December 6, 1995." Lewis further states that "[t]he construction of the dressing room benches would have been part of the framing and woodwork for th[e] job." Although there is indication in the record that, after 6 December 1995, Lewis Construction performed work on the "punch list" items listed in its contract with Mitchell's Formal Wear, there is no indication that any of these items related to the dressing room bench that allegedly injured plaintiff. "In order to constitute a last act or omission, the act or omission must give rise to the cause of action. Here, the work on the punch list did not give rise to this action and therefore does not constitute defendant's last act or omission." *Nolan*, 135 N.C. App. at 79, 518 S.E.2d at 793. Thus, in light of the record in the instant case, we conclude that Lewis Construction substantially completed its renovations more than six years prior to plaintiff's injury and subsequent complaint.

Plaintiff maintains that the project was not substantially complete until the City of Raleigh issued a permanent certificate of occupancy to Mitchell's Formal Wear in January 1999. In support of this contention, plaintiff cites our decision in *Nolan*, in which we held that, "[s]ince it could be utilized for its intended purposes," the plaintiff's house was "substantially completed" under N.C. Gen. Stat.

§ 1-50(a)(5) "upon issuance of the certificate of compliance" from the county inspections department. *Id.* at 76, 518 S.E.2d at 791. However, we are not convinced that *Nolan* requires that a certificate of compliance—or, in this case, a certificate of occupancy—be issued before a renovation project is deemed "substantially complete." In *Bryant*, we examined a similar argument and found the following two problems:

> First, plaintiffs have offered no evidence that they were prevented from using the house as a residence. In fact, the record indicates otherwise. Plaintiffs lived in the house for six years before bringing this complaint. Second, plaintiffs point to no specific language in *Nolan* in support of their argument that a *rebuttable* presumption arises.

147 N.C. App. at 659, 556 S.E.2d at 601 (emphasis in original).

In the instant case, the record indicates that Mitchell's Formal Wear operated the store for more than three years prior to receiving a final certificate of occupancy from the City of Raleigh. The contract between Mitchell's Formal Wear and Lewis Construction provides that "[t]he Contractor shall achieve Substantial Completion of the entire Work not later than January 1, 1996[,]" and in his affidavit, Lewis states the following:

> It is my best recollection that the Crabtree Valley Mall Mitchell's store opened for business on about January 15, 1996. I recall that it received a Temporary Certificate of Occupancy from the City of Raleigh Inspections Department allowing it to open at that time. The final Certificate of Occupancy for that store . . . was, as I recall, not issued at that time because of certain work that the City of Raleigh Inspections Department required to be done to the area of the Crabtree Valley Mall in which this Mitchell's store was located. This work was not part of the renovation work contracted to Lewis Construction for the Mitchell's store located in Crabtree Valley Mall. . . . It was not until Crabtree Valley Mall completed this work, which was unrelated to the Mitchell's store, that the stores in that section of the mall (including Mitchell's) were able to obtain permanent Certificates of Occupancy.

Although Mitchell's Formal Wear offered evidence tending to show that the City of Raleigh does not have a record of the temporary certificate referred to in Lewis' affidavit, neither plaintiff nor Mitchell's

MITCHELL v. MITCHELL'S FORMAL WEAR, INC.

[168 N.C. App. 212 (2005)]

Formal Wear offered any evidence tending to show that the Crabtree Valley Mall store was not operating in January 1996. Furthermore, neither plaintiff nor Mitchell's Formal Wear offered any evidence tending to show that, in January 1996, the bench was incapable of being used for its intended purpose. Thus, no genuine issue remains as to whether the renovations were substantially complete by January 1996, more than six years prior to plaintiff's filing suit against Lewis Construction.

Plaintiff argues in the alternative that the date of substantial completion was defined by the contract between Mitchell's Formal Wear and Lewis Construction. Contained within the contract between Mitchell's Formal Wear and Lewis Construction is a provision stating that "[w]hen the Architect agrees that the Work is substantially complete, the Architect will issue a Certificate of Substantial Completion." Plaintiff contends that because the architectural firm failed to issue a Certificate of Substantial Completion, the statute of repose is tolled. We disagree.

> "[T]he obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it, except under a real party in interest statute, or under certain circumstances, by a third-party beneficiary."

*Meyer v. McCarley and Co.*, 288 N.C. 62, 70-71, 215 S.E.2d 583, 588 (1975) (quoting 17 Am. Jur. 2d Contracts § 297 (now 17A Am. Jur. 2d Contracts § 416)). In the instant case, plaintiff does not invoke a real party in interest statute, nor is she named as a third-party beneficiary of the contract between Mitchell's Formal Wear and Lewis Construction. Thus, plaintiff cannot enforce the contract. Accordingly, we conclude that the trial court did not err by ruling as a matter of law that plaintiff's complaint, filed more than six years after substantial completion of the renovations, was barred by the statute of repose. The trial court's judgment as to Lewis Construction is therefore affirmed.

Affirmed.

Judges HUNTER and McCULLOUGH concur.